**UNITED STATES of America,**
**Plaintiff,**

v.

**Marcus Neal BARRETT, Defendant.**

**No. CRIM. 00–111.**

United States District Court,
S.D. Iowa.

April 4, 2002.

Richard L. Richards, Asst. U.S. Atty., Des Moines, IA, for Plaintiff.

James Whalen, Des Moines, IA, for Defendant.

## ORDER

PRATT, District Judge.

On April 26, 2000, a one count Indictment was returned charging Defendant Marcus Neal Barrett with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Mr. Barrett entered a plea of guilty to the charge on July 7, 2000 and on January 26, 2001, this Court sentenced him to be imprisoned for a total term of 15 months. Defendant remained free on bond from the time of the indictment until his self-report date to the Bureau of Prisons ("BOP")on March 7, 2001. Defendant has served his sentence at FCI Waseca, Minnesota and is scheduled to be released from the custody of the BOP on April 5, 2002. At sentencing, the Court also imposed a two year term of supervised release with several special conditions. Specifically, the Court ordered Defendant to register as a sex offender, participate in treatment, undergo polygraph examinations, have no contact with children under the age of eighteen, refrain from accessing the internet, refrain from possessing pornographic material, and meet certain employment and residence requirements.

On March 13, 2002, the United States Probation Office petitioned the Court to modify Defendant's supervised release conditions to include the following provision:

You shall reside, participate and follow the rules of a community corrections center program as directed by the Probation Officer for up to 120 days. The community corrections center is authorized to allow you up to six hours of pass time per week, when you become eligible in accordance with the community corrections center standards.

The Probation Office asserts that placement in a community corrections center will assist Defendant in securing an acceptable residence and employment and will "also provide the offender the opportunity to obtain a psycho-sexual evaluation and begin sex offender specific treatment in a safe and controlled setting."

Defendant resists the addition of such a condition to the terms of his supervised release and declined to waive hearing on the matter. Accordingly, a hearing was held on the requested modification on April 3, 2002. Assistant United States Attorney Richard Richards appeared on behalf of the Plaintiff and Federal Public Defender James Whalen appeared on behalf of the Defendant. The Defendant participated in the hearing via speakerphone. The matter is fully submitted.

In addition to required terms of supervised release, a District Court may impose other conditions of supervised release so long as the condition meets certain requirements. First, the condition must be reasonably related to the nature and circumstance of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3583(d)(1); 18 U.S.C. § 3553(a)(1). In determining whether a condition is "reasonably related," the Court must consider the extent to which the condition will deter criminal conduct, the need to protect the public from further crimes of the defendant, and whether the condition will effectively provide the defendant with needed training, care, or treat-

ment. 18 U.S.C. § 3583(d)(1); 18 U.S.C. §§ 3553(a)(2)(B)-(D). Second, the condition must involve "no greater deprivation of liberty than reasonably necessary" to achieve the purposes of 18 U.S.C. §§ 3553(a)(2)(B)-(D). *Id.* Finally, the condition must be consistent with any pertinent policy statements of the United States Sentencing Commission. *See* 18 U.S.C. § 3583(d)(3).

Once these three conditions are met, section 3583 specifically grants the Court authority to enter as a condition of supervised release "any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate." 18 U.S.C. § 3583(d). The statute specifically omits from the list of discretionary conditions section 3563(b)(11) which provides for a defendant to "reside at, or participate in the program of, a community corrections facility." *See* 18 U.S.C. § 3563(b)(11).

The Court has identified two cases, each with a different interpretation of the effect of Congress' omission of 3563(b)(11) on the Court's power to impose discretionary conditions of supervised release. In the first case, *United States v. Bahe*, the Ninth Circuit Court of Appeals found that § 3583(d) implicitly authorizes a court to order a defendant placed in a community corrections facility as a condition of supervised release. *See United States v. Bahe*, 201 F.3d 1124 (9th Cir.2000). The *Bahe* Court characterized the portion of § 3583(d) as "internally inconsistent" because one portion of the statute refers to Sentencing Commission policy statements while another portion omits § 3563(b)(11) as a potential condition of supervised release. *See id.* at 1129–30. After much discussion, the *Bahe* Court deemed the omission of § 3563(b)(11) from the supervised release statute to be "a clerical error" which does not prohibit a district

court from entering placement in a community corrections facility as a special condition of supervised release. *Id.* at 1131–32.

The second case identified by the Court in researching the Government's request for modification of Mr. Barrett's terms of supervised release is *United States v. Mills*, 186 F.Supp.2d 965 (E.D.Wis.2002). In *Mills*, Judge Adelman, for the Eastern District of Wisconsin, declined to follow the Ninth Circuit's decision in *Bahe* for three reasons:

> The first is that I find no ambiguity in the statute. To find ambiguity, the court in *Bahe* relied upon the numbered requirements in § 3583(d) that specify when a condition of probation may be imposed as a condition of supervised release. On my reading, these numbered requirements limit, and do not expand, the supervised release conditions that a court may order.... My second reason for not following *Bahe* is the rule of lenity. The rule of statutory interpretation requires that an ambiguous penal statute must be construed to favor the defendant.... Finally, reading § 3583(d)'s catch-all clause as the Ninth Circuit does violates the elementary rule of statutory construction that every clause of a statute must be read to have effect.

*Mills*, at 969–70. Judge Adelman concluded by stating, "If Congress wishes to amend section 3583(d) to include halfway house residency as a permissible condition of supervised release, it may do so. However, I decline to read such authority into a statute that expressly excludes it." *Id.* at 970–71.

While the Court realizes that neither *Bahe* nor *Mills* is binding authority in this matter, the Court believes that the well-reasoned opinion of Judge Adelman in *Mills* represents the appropriate legal in-

terpretation of the statute. Accordingly, the Court declines to impose upon Mr. Barrett a condition of supervised release which violates the plain language of § 3583 and, therefore, denies the Government's motion to modify the Defendant's supervised release conditions.

Even were the Court to take the position of *Bahe* and find that it has the authority to enter community corrections facility placement as a term of supervised release, it would decline to do so on the facts of this case. Testimony at hearing indicated that Mr. Barrett served a larger percentage of his sentence than most federal prisoners do, merely because the BOP has a policy that sexual offenders do not qualify for release into a community corrections facility when they near the end of their incarceration term. While the Court will not go so far as to question the propriety of the BOP policy, it appears that the practical effect of the policy is to deny a discrete group of federal prisoners the opportunity to "transition" back into society that placement in a community corrections facility affords.

The primary reason advanced by the Government in support of its request for modification is that Mr. Barrett's placement in a community corrections facility will assist the U.S. Probation Office in ensuring that he complies with his other conditions of supervised release. The Court does not believe that this reason justifies depriving Mr. Barrett of his liberty for an additional four months. Additionally, the Government has not advanced any convincing reason why Mr. Barrett should be subject to placement in a community corrections facility, other than to point out that he was convicted of possession of child pornography. The Court fails to see how the condition requested is "reasonably related" to Mr. Barrett's crime of conviction. Indeed, the Court notes for the record that Mr. Barrett complied with

conditions imposed by Pretrial Services for nearly a year prior to his incarceration and the Court is not aware of any specific characteristics that would make Mr. Barrett more likely to be unsuccessful on supervised release than any other individual. Simply put, the evidence is simply inadequate in this case to fulfill the statutory requirements of § 3583.

Based on the foregoing reasoning, it is the conclusion of the Court that the Government's Motion to modify conditions of supervised release to include placement in a community corrections facility is DENIED.

IT IS SO ORDERED.