# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2331

_____

United States of America,         *
         *
      Appellee,       *
         *
     v.           *
         *
Carlton Earl Griner,        *
         *
      Appellant.     *

_____      Appeals from the United States
                District Court for the Northern
No. 03-2354        District of Iowa.

_____

United States of America,         *
         *
      Appellee,       *
         *
     v.           *
         *
Lonnie Vernon Davis, Sr.     *
         *
      Appellant.     *

_____

Submitted:  October 21, 2003

Filed:  March 1, 2004

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and MURPHY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Carlton Griner was convicted of possession of child pornography and sentenced to imprisonment followed by a term of supervised release. His supervised release was revoked after he violated its terms, and he was then sentenced to imprisonment followed by a term of supervised release that included a stay in a community-corrections facility. Lonnie Davis, Sr., pleaded guilty to possession of child pornography and was sentenced to imprisonment followed by a term of supervised release that also was to be served, in part, in a community-corrections facility. On appeal, the defendants challenge the condition of supervised release imposed by the district court[1] that requires them to reside in a community-corrections facility. We affirm.

Because neither defendant objected to the condition of supervised release when it was imposed, we review the sentence for plain error only. *See United States v. Ristine*, 335 F.3d 692, 694 (8th Cir. 2003). Under the plain-error rule, a forfeited error may be corrected if it is plain, affects the substantial rights of a defendant, and " 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.' " *United States v. Gillon*, 348 F.3d 755, 757 (8th Cir. 2003) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993) (internal quotations omitted)). In order to be "plain," the error must be "clear under current law." *United States v. Montanye*, 996 F.2d 190, 192 (8th Cir.1993) (en banc).

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

The sentencing court has broad discretion under 18 U.S.C. § 3583(d) to impose conditions of supervised release that it deems appropriate. *See United States v. Andis*, 333 F.3d 886, 893 (8th Cir. 2003) (en banc), *cert. denied*, 124 S. Ct. 501 (2003). According to § 3583(d), subject to certain considerations, a court may impose as a condition of supervised release "any condition set forth as a discretionary condition of probation in [18 U.S.C.] section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate."

The defendants rely on the failure of § 3583(d) to cross-reference as a discretionary condition of supervised release subsection (b)(11) of § 3563, which currently requires a probationer to "reside at, or participate in the program of, a community corrections facility ... for all or part of the term." According to the defendants, the absence of a specific reference to subsection (b)(11) prohibited the district court from requiring them to live in a community-corrections facility during their supervised release. Although this argument may have some surface appeal, after a closer examination of the applicable law we conclude that the district court was authorized to impose the condition.

When Congress passed § 3583(d) in 1984, that provision referred to specific subsections of § 3563(b) in order to incorporate certain discretionary conditions of probation as discretionary conditions of supervised release. Sentencing Reform Act of 1984, Pub. L. No. 98-473, Title II, ch. 2, § 212(a)(2), 98 Stat. 1987, 1993-94, 1999-2000 (codified at 18 U.S.C. §§ 3563(b), 3583(d) (Supp. 1986)). As originally enacted the statute allowed the sentencing court (subject to considerations not relevant here) to impose as a condition of supervised release "any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(19)." *Id.*, 98 Stat. at 1999-2000. At that time, § 3563(b)(12) permitted a court to require a probationer to "reside at, or participate in the program of, a community corrections facility for all or part of the term." *Id.*, 98 Stat. at 1993.

Thus Congress specifically included community-corrections confinement as a discretionary condition of supervised release.

In 1996, as part of the Mandatory Victims Restitution Act, Title IIA of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 203(2), 110 Stat. 1227, Congress amended the discretionary conditions of probation listed in § 3563(b) by removing one subsection and renumbering those that remained; as a result, the community-confinement subsection shifted from (b)(12) to (b)(11). Since this renumbering, Congress has not changed the reference in § 3583(d) to subsection (b)(12), and § 3583(d) continues to omit any reference to subsection (b)(11), although § 3563(b)(11) is now the subsection allowing a court to require a probationer to reside in a community-corrections facility. We believe, however, that the defendants seek to prove too much by challenging their condition of supervised release based upon what was essentially a bookkeeping change to the probation statute.

Our conclusion is supported by what the Supreme Court has described as a "well-settled canon" of statutory construction:

> 'Where one statute adopts the particular provisions of another by a specific and descriptive reference to the statute or provisions adopted, the effect is the same as though the statute or provisions adopted had been incorporated bodily into the adopting statute. ... Such adoption takes the statute as it exists at the time of adoption and does not include subsequent additions or modifications by the statute so taken unless it does so by express intent.' The weight of authority holds this rule ... respecting two separate acts applicable where, as here, one section of a statute refers to another section which alone is amended.

*Hassett v. Welch*, 303 U.S. 303, 314 (1938) (quoting 2 *Sutherland on Statutory Construction*, 787-88 (2d ed. 1904) (footnotes omitted); *cf. Clark v. Crown Const. Co.*, 887 F.2d 149, 152 & n.17 (8th Cir. 1989).

When enacted by Congress § 3583(d) adopted "particular provisions" of § 3563(b) by "a specific and descriptive reference," and therefore we believe that it was as if the language of those subsections was made a part of § 3583(d).  In this way, § 3583(d) included the language of subsection (b)(12) as it was then written to permit community-corrections confinement.  Although Congress has renumbered the subsections of § 3563(b), Congress has not re-enacted § 3683(d) since then, and we have not located (nor have defendants pointed us to) anything in the statutes or legislative history to indicate that Congress has removed from § 3583(d) the community-confinement condition that was incorporated into the statute when it was passed.  For these reasons, we believe that § 3583(d) continues to include community-corrections confinement as a discretionary condition of supervised release, and we conclude that the district court did not commit error, plain or otherwise, when it imposed that condition here.

Accordingly, we affirm the judgments of the district court.

_____