# United States Court of Appeals
## For the First Circuit

No. 04-2566

UNITED STATES OF AMERICA,

Appellee,

v.

ARTHUR D'AMARIO, III,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, U.S. District Judge]

Before

Torruella, Circuit Judge,
Hill,* Senior Circuit Judge,
and Howard, Circuit Judge.

Judith H. Mizner, Assistant Federal Public Defender, on brief, for appellant.
Donald C. Lockhart, Assistant United States Attorney, with whom Robert Clark Corrente, United States Attorney, and Adi Goldstein, Assistant United States Attorney, were on brief, for appellee.

June 23, 2005

* Of the Eleventh Circuit, sitting by designation.

**Per Curiam**.  Arthur D'Amario, III, appeals the district court's modification of the conditions of his supervised release, contending that the court was without jurisdiction to enter such an order.  Subsequent to the modification and appeal, D'Amario was charged with violating the modified conditions and a revocation proceeding was scheduled for June 8, 2005, the same day on which we heard oral argument on this appeal of the modification.  At oral argument, we asked the government to report the outcome of the supervised release revocation hearing.  The next day, June 9, 2005, the government filed an "Emergency Motion for Expedited Decision," notifying the court that the district court found that D'Amario had violated the modified conditions, revoked his supervised release, sentenced him to a year in prison, and imposed a new term of supervised release.  The district court, however, recognizing that its ruling was contingent upon having the jurisdiction both to modify the terms of release as well as to revoke the release, made its ruling provisional, and ordered the parties to brief the issue so that it might decide it.  The government, in its emergency motion, suggests that an expedited resolution of this appeal, including the jurisdictional issue, would best serve both the interests of justice and judicial economy.  We agree.

I.

D'Amario argues that the appeal of the 2003 district court judgment revoking his supervised release, in which he

-2-

challenges the validity of the imposition of special conditions of supervised release, divests the district court of jurisdiction to alter any aspect of his supervised release. He contends that once he filed that notice of appeal, all jurisdiction over the case was transferred to the appellate court and the district court lost the authority to modify in any way the conditions it imposed prior to that appeal. We disagree.

Pursuant to 18 U.S.C. § 3583(e)(2) and Fed. R. Crim. P. Rule 32.1 (c), the district court has plenary jurisdiction to supervise a convicted defendant's release, including the jurisdiction to modify the conditions of supervised release, even though an appeal from a revocation of supervised release may be pending. The statute authorizes the district court to make such modifications throughout the entire period of supervised release, irrespective of any appeal. The statute provides that the district court "may modify, reduce, or enlarge the conditions of supervised release, *at any time* prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2) (emphasis added). Thus, Congress has expressly authorized the district court to retain jurisdiction over and supervise the release of convicted defendants, including during the pendency of their appeals.

Even in the absence of such explicit authorization, common sense would dictate such a result. If an appeal were to divest the district court of authority to supervise the conditions

of the convicted defendant's release, then there would be no such supervision at all.  This cannot be the intention of Congress.  See United States v. Turkette, 452 U.S. 576, 580 (1981) ("absurd results are to be avoided").

Although there is apparently no case directly on point, two of our sister circuits have found that the district court retains jurisdiction under similar circumstances.  See United States v. Phelps, 283 F.3d 1176, 1181 n.5 (9th Cir. 2002) (holding in case of insanity acquittee that district court retained jurisdiction to monitor and modify conditions of release under 18 U.S.C. § 4243(f), despite pending appeal, where statute allowed court to modify conditions at any later time); United States v. Meyers, 95 F.3d 1475, 1489 n.6 (10th Cir. 1996) (district court retains jurisdiction to rule on motion for bail pending appeal).  Both we and the Eighth Circuit have made clear that the district court does not lose all jurisdiction upon appeal.  United States v. Hurley, 63 F.3d 1, 23-24 (1st Cir. 1995) (pointing out that divestiture rule is not absolute and holding that district court retains jurisdiction to modify restitution order); United States v. Vanhorn, 296 F.3d 713, 721 (8th Cir. 2002) (district court retains jurisdiction to modify restitution order).

Accordingly, we conclude that the district court had jurisdiction to modify the conditions of D'Amario's supervised release.

II.

On the merits of his appeal, D'Amario claims that the condition of community confinement is not a permissible condition of supervised release. Specifically, he argues that 18 U.S.C. § 3583(d) does not authorize the district court to impose community confinement as a condition of supervised release.

The problem with this claim is that it was not raised below. Although not in favor of community confinement, D'Amario never raised the issue of the district court's statutory authority to impose such a condition with that court.

We are limited, therefore, to a plain error review of this claim. United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). Under this standard, D'Amario must establish "(1) that an error occurred (2) which is clear or obvious and which not only (3) affected [his] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial procedings." Id. Under this standard, D'Amario's claim must fail.

D'Amario cannot satisfy the first two prongs of the plain error test because the error he asserts is neither an error nor plain. The crux of D'Amario's argument is that the statutory authority for imposition of community confinement lay in § 3583 (d)'s incorporation by reference of § 3563(b)(12), which then clearly provided for such a condition. When, some years later, § 3563(b)(12) was renumbered to (b)(11), no corresponding change

was made to § 3583(d), which, therefore, no longer contained an accurate reference to the community confinement section. Thus, according to D'Amario, community confinement is no longer authorized by statute.

The problem with this argument is that it has been considered and rejected by two of our sister circuits. Both the Eighth and the Ninth Circuit Courts of Appeals have held that community confinement remains an authorized condition of supervised release under Section 3583(d), despite the omission of an accurate reference to the current community confinement provision, Section 3563(b)(11). United States v. Griner, 358 F.3d 979, 982 (8th Cir. 2004); United States v. Bahe, 201 F.3d 1124, 1136 (9th Cir. 2000). Both courts have held that the omission of the cross-reference was the result of an inadvertent clerical error caused by changes made to, and the renumbering of, § 3563(b)(11), occurring 12 years after § 3583(d) was enacted. Both have concluded that, despite this clerical error, a district court retains the authority to impose community confinement as a condition of supervised release. Id. See also Hassett v. Welch, 303 U.S. 303, 314 (1938) (adoption of one statute by another "takes the statute as it exists at the time of adoption and does not include subsequent additions or modifications by the statute so taken unless it does so by express intent"). We agree with our sister circuits.

Although one district court has held to the contrary,[1] United States v. Mills, 186 F. Supp. 2d 965, 967-70 (E.D. Wis. 2002), this creates, at best, a split of authority, with the majority view being that the district court has the authority to impose community confinement. Under these circumstances, D'Amario's claim of plain error must fail. See United States v. Whab, 355 F.3d 155, 158 (2d Cir.) ("an error cannot be deemed 'plain,' in the absence of binding precedent, where there is a genuine dispute among the circuits"), cert. denied, 124 S. Ct. 2055 (2004); United States v. Díaz, 285 F.3d 92, 97 (1st Cir. 2002) (where law on issue was unsettled in First Circuit and other circuits were split, error could not be deemed "plain"). See also United States v. Olano, 507 U.S. 725, 734 (1993) ("[a]t a minimum, [a] court of appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law). Therefore, we find no merit in D'Amario's claim that the district court had no statutory authority to impose community confinement as a condition of his supervised release.

Finally, D'Amario claims that the modification in the conditions of his supervised release requiring him to participate in a community confinement program was not supported by the record.

---

[1] Although D'Amario cites another district court opinion in support of his argument, United States v. Barrett, 198 F. Supp. 2d 1046 (S.D. Iowa 2002), that holding has now been overturned by Griner.

We do not agree.  The record amply supports the district court's conclusion that D'Amario intended to violate the conditions of his release by returning to Rhode Island without permission and that such an action constituted a legitimate security concern.

### III.

Finding that the district court had jurisdiction to modify the conditions of his supervised release, and that the modification was permissible under the statute and supported by the record, we conclude that there is no merit in the claims raised in this appeal.  Accordingly, the order entered by the district court on November 9, 2004, from which this appeal was taken, is hereby affirmed.

**Affirmed**.