[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 25, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11297
Non-Argument Calendar

_____

D. C. Docket No. 01-00082-TP-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO ARIAS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 25, 2005)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Alfredo Arias, Jr., appeals a 51-month term of supervised release that was

imposed following a revocation of his previous term of supervised release. On appeal, Arias argues that the district court erred when it sentenced him to 9 months of incarceration and 51 months of supervised release without granting credit for the time Arias had previously spent at a community corrections center ("CCC"), as a result of prior modifications to his pre-revocation term of supervised release.

Arias failed to challenge the calculation of his post-revocation supervision before the district court, and we therefore review that court's calculation only for plain error. *See United States v. Rodriguez*, 398 F.3d 1291, 1297-1298 (11th Cir.), *cert. denied*, __ U.S. __, 125 S. Ct. 2935, 162 L. Ed. 2d 866 (2005). We may not correct an error that a defendant failed to raise before the district court unless the district court: (1) committed error, (2) that was plain, and (3) that affected substantial rights. *Id.* at 1298. If these criteria are met, we may, in our discretion, correct the plain error if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785, 152 L. Ed. 2d. 860 (2002)). Of course, when "the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (per curiam).

2

Arias invokes 18 U.S.C. § 3583(e)(3) and (h) in support of his position.

Subsection (e)(3) provides that, upon revocation, a court may:

> require the defendant to serve in prison all or part of the term of
> supervised release authorized by statute for the offense that resulted in
> such term of supervised release without credit for time previously
> served on postrelease supervision, if the court . . . finds by a
> preponderance of the evidence that the defendant violated a condition
> of supervised release, except that a defendant whose term is revoked
> under this paragraph may not be required to serve on any such
> revocation more than 5 years in prison if the offense that resulted in
> the term of supervised release is a class A felony . . . .

18 U.S.C. § 3583(e)(3).[1] Subsection (h) permits a court to include an additional

term of supervised release as part of a sentence imposed upon revocation and

establishes the maximum length of such term:

> When a term of supervised release is revoked and the defendant is
> required to serve a term of imprisonment, the court may include a
> requirement that the defendant be placed on a term of supervised
> release after imprisonment. The length of such a term of supervised
> release shall not exceed the term of supervised release authorized by
> statute for the offense that resulted in the original term of supervised
> release, less any term of imprisonment that was imposed upon
> revocation of supervised release.

18 U.S.C. § 3583(h). Arias concedes that § 3583(h) does not require a district

court "to give credit for time previously served on supervised release when it

---

[1]Arias's convictions for possession with intent to distribute cocaine and distribution of cocaine, both in violation of § 841(a)(1), were Class A felonies, as the maximum penalty for each was life imprisonment. *See* 21 U.S.C. § 841; 18 U.S.C. § 3559. Accordingly, the term of supervised released authorized by statute was not more than five years. *See* 18 U.S.C. § 3583(b)(1).

3

revokes the initial term of supervised release and orders an additional prison term followed by a new term of supervised release." *United States v. Pla*, 345 F.3d 1312, 1314 (11th Cir. 2003) (per curiam).[2] Indeed, "the only credit that subsection (h) clearly enumerates is time served in prison [after] revocation of supervised release." *Id*. However, Arias argues, the time he spent in the CCC was tantamount to imprisonment, and should therefore be credited against his post-revocation sentence. In other words, Arias contends that district court's "modification" of the original terms of Arias's supervised release, to include periods of time at the CCC, was a *de facto* revocation–and the time spent at the CCC was "imprisonment" that must therefore be credited against his current post-revocation sentence.

Assuming *arguendo* that § 3583(h) does, as Arias claims, entitle a defendant to credit for incarceration served on all *prior* revocations of supervised release, it is nevertheless clear that the district court did not commit plain error in calculating Arias's post-revocation sentence, for neither the statutory language nor controlling precedent establish that time spent in a CCC on supervised release amounts to "imprisonment" for purposes of § 3583(h). Arias argues that because the Bureau of Prisons sometimes places a federal prisoner in a CCC or halfway house for the

---

[2] In fact, this Court reached the same conclusion even when considering the language of § 3583(e)(3) separate and apart from the enactment of § 3583(h). *See United States v. Gresham*, 325 F.3d 1262, 1265-68 (11th Cir. 2003).

4

final part of the prisoner's term of incarceration, *see* 18 U.S.C. § 3624(c), the requirement that Arias spend time at a CCC on supervised release should be considered imprisonment. This argument is not persuasive, for we have held that in the context of a probationary sentence, "residence in a halfway house is not tantamount to imprisonment." *United States v. Chavez*, 204 F.3d 1305, 1315 (11th Cir. 2000); *see* 18 U.S.C. § 3563(b)(11) .[3]

Arias also argues that the statutory language governing modification of the conditions of supervised release does not permit a district court to require that he reside at a CCC without effecting a revocation. Section 3583(e)(2) authorizes a district court to "modify . . . the conditions of supervised release . . . pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision." 18 U.S.C. § 3583(e)(2). Under § 3583(d) the court may, subject to certain limitations, order as a condition of supervised release "any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate." 18 U.S.C. § 3583(d). Arias emphasizes that subsection (b)(11), which allows the court to require residence at a CCC, is

---

[3] We note that Arias does not contend that the circumstances of his residence at the CCC were actually similar to those of confinement in a jail or prison.

excluded as a possibility because it is not enumerated in § 3583(d). At least four circuit courts of appeals, however, have rejected this argument, finding that the omission of subsection (b)(11) was due to a clerical error–and that district courts retain statutory authority to impose confinement in a CCC as a condition of supervised release. *See United States v. Del Barrio*, 5th Cir. 2005, __ F.3d __, (No. 04-40835, Sept. 21, 2005); *United States v. D'Amario*, 412 F.3d 253, 256 (1st Cir.) (per curiam), *cert. denied*, __ U.S. __, __ S. Ct. __, __ L. Ed. 2d __ (2005); *United States v. Griner*, 358 F.3d 979, 982 (8th Cir. 2004); *United States v. Bahe*, 201 F.3d 1124, 1136 (9th Cir. 2000). Thus, the district court did not effect a revocation by modifying the conditions of Arias's original term of supervised release to include residence at a CCC.

Finally, Arias argues that the United States Sentencing Guidelines (the "Guidelines") support his position, because they provide that a term of imprisonment ordered upon the revocation of supervised release can, in certain circumstances, be satisfied by a term of supervised release that includes community confinement or home detention. *See* U.S.S.G. § 7B1.3.[4] As the Government points out, however, Arias's argument is not compelling because the Guidelines also permit residence in a CCC to be imposed as a condition of

---

[4] Arias also notes that the Guidelines sometimes permit defendants to serve portions of their terms of imprisonment in a CCC. *See* U.S.S.G. § 5C1.1.

supervised release.  *See* U.S.S.G. §§ 5D1.3(e)(1) and 5F1.1.

In light of the foregoing, and in the absence of controlling authority to the contrary, we conclude that the district court did not commit plain error by declining to credit the time Arias spent at a CCC (due to modifications of the conditions of his supervised release) against his sentence upon revocation.

**AFFIRMED.**