# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2243

_____

United States of America,    *
                             *
          Appellee,          *
                             *    Appeal from the United States
     v.                      *    District Court for the Eastern
                             *    District of Arkansas.
Kenneth L. Knuckles,         *
                             *    [UNPUBLISHED]
          Appellant.         *

_____

Submitted: December 13, 2007
Filed: March 21, 2008

_____

Before RILEY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Kenneth Lynn Knuckles pled guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court[1] sentenced him to 37 months of imprisonment and three years of supervised release. As a special condition, the district court, over objection, ordered that he spend the first four months of supervised release in a residential reentry center. Knuckles appeals, asserting a lack of jurisdiction and an abuse of discretion. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

This court reviews "the district court's imposition of special conditions of supervised release for an abuse of discretion." *United States v. Smart*, 472 F.3d 556, 558 (8th Cir. 2006). A sentencing court may impose a condition of supervised release if, among other things, the condition "involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D)." 18 U.S.C. § 3583(d)(2). These purposes are deterrence, protection of the public, and provision of necessary training or correctional treatment. *See* 18 U.S.C. § 3553(a)(2); *United States v. Camp*, 410 F.3d 1042, 1045 (8th Cir. 2005).

Knuckles argues that the district court abused its discretion because the condition deprives him of liberty to a greater degree than necessary, since a Bureau of Prisons policy favors placement in residential reentry centers toward the end of prison terms. The district court rejected this argument, stating, "I realize that ordinarily they do that anyway, but they don't always . . . . I just think in his case I want to make certain it is done, and I don't want it to be overlooked." The court cited the need for Knuckles to live in a stable and disciplined environment, where he could obtain employment and counseling before fully reintegrating into society. The court specifically noted his youth (19 years old at sentencing) and prior conviction for sexually molesting a child. The court clearly wanted Knuckles to receive the treatment necessary to rehabilitate and avoid committing future crimes, the purposes in 18 U.S.C. § 3553(a)(2). The district court did not abuse its discretion.

Knuckles also contends that the district court lacked jurisdiction under 18 U.S.C. § 3583(d) to impose residence at a reentry center as a condition of supervised release. To the contrary, "§ 3583(d) continues to include community-corrections confinement as a discretionary condition of supervised release." *United States v. Griner*, 358 F.3d 979, 982 (8th Cir. 2004). *See also United States v. Porter*, 417 F.3d 914, 919 (8th Cir. 2005) ("Community confinement is a potential condition contemplated by the statute . . . ."). Therefore, this argument is foreclosed by precedent.

The judgment of the district court is affirmed.

_____