In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-3644

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MICHAEL RAMER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:10-cr-00012-LA-2 — **Lynn Adelman**, *Judge.*

SUBMITTED MAY 15, 2015[*] — DECIDED MAY 29, 2015

Before WOOD, *Chief Judge*, and CUDAHY and RIPPLE, *Circuit Judges*.

PER CURIAM. Michael Ramer was convicted after a bench trial of conspiracy to commit wire fraud. *See* 18 U.S.C. §§ 1343, 1349. The conviction stemmed from a sham

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(A).

investment scheme in which Mr. Ramer and a codefendant solicited more than $1 million from individuals, but did not invest the money as they had promised.[1] For his role in the operation, the district court sentenced Mr. Ramer to 42 months' imprisonment and ordered him to pay $1,077,500 in restitution. The court also imposed a 3-year term of supervised release and, as a special condition, directed that Mr. Ramer make restitution payments "at a rate of not less than $100 per month." Mr. Ramer filed this appeal, and in his brief he argues solely that the district court erred by not conditioning the restitution payments on his ability to pay.

Before the Government filed its brief, however, the district court had amended the judgment to state that Mr. Ramer's obligation to pay $100 each month as part of his supervised release is "conditioned on" his ability to pay. That modification was made in response to the parties' joint request, and thus the Government argues in its brief that Mr. Ramer's appeal is moot. Mr. Ramer, inexplicably, has not moved to dismiss his appeal. *See* FED. R. APP. P. 42(b). Nor has he filed a reply brief commenting on the Government's contention that the appeal is moot.

We begin by addressing whether the district court retained subject-matter jurisdiction to revise the judgment after Mr. Ramer had filed a notice of appeal. Ordinarily, filing a notice of appeal divests a district court of jurisdiction. *See United States v. Brown*, 732 F.3d 781, 787 (7th

---

[1] The judgment identifies the offense of conviction as wire fraud, 18 U.S.C. § 1343, when in fact the indictment and the district court's verdict were for conspiracy to commit wire fraud, *id.* §§ 1343, 1349. The district court can correct this clerical error at any time. *See* FED. R. CRIM. P. 36.

Cir. 2013); *United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008). But there are exceptions to this general rule. *See, e.g., Brown*, 732 F.3d at 787 (stating that district court may address ancillary issues such as attorneys' fees and clerical mistakes after notice of appeal is filed); *United States v. Centracchio*, 236 F.3d 812, 813 (7th Cir. 2001) (explaining that district court retains jurisdiction despite Government's interlocutory appeal under 18 U.S.C. § 3731 from order suppressing evidence); *United States v. Byrski*, 854 F.2d 955, 956 n.1 (7th Cir. 1988) (stating that appeal from frivolous motion to dismiss indictment on ground of double jeopardy does not divest district court of jurisdiction); *United States v. Cannon*, 715 F.2d 1228, 1231 (7th Cir. 1983) (explaining that notice of appeal challenging nonappealable order does not divest district court of jurisdiction); *Terket v. Lund*, 623 F.2d 29, 33 (7th Cir. 1980) (noting that general rule divesting district court of jurisdiction upon filing notice of appeal is judge-made doctrine, not statutory or mandatory rule).

Under 18 U.S.C. § 3583(e)(2) district courts may "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." We have not yet considered this statutory provision in a published decision, but the First Circuit has. That court concluded that § 3583(e)(2) authorizes a district court to modify conditions of supervised release even while a direct appeal from the conviction and sentence is pending. *See United States v. D'Amario*, 412 F.3d 253, 255 (1st Cir. 2005). We agree with the First Circuit's conclusion and hold that the district court retained jurisdiction to modify the conditions of Mr. Ramer's supervised release while this appeal was pending.

In his brief Mr. Ramer asks only that we remand with instructions to modify his obligation to pay restitution while on supervised release to reflect that it is dependent on his ability to pay. The district court already has properly granted that relief. Accordingly, we agree with the Government that the appeal is moot because we cannot give Mr. Ramer any effective relief. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996); *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004).

DISMISSED.