EASTERBROOK, Circuit Judge,
concurring.
I join my colleagues’ opinion but add a' few words about jurisdiction.
The district court modified the terms of Taylor’s probation while his direct appeal was pending in this court. Apart from any questions about jurisdiction, that was imprudent. Taylor was challenging both his conviction and his sentence, and one aspect of this court’s decision concerned a term of probation. United States v. Taylor, 777 F.3d 434, 442-44 (7th Cir.2015). Only one court at a time should address a subject; parallel litigation adds needless complications. Altering a judgment that is on appeal creates the prospect of wasting the district judge’s time, the appellate judges’ time, or both.
I agree with my colleagues that, under United States v. Ramer, 787 F.3d 837 (7th Cir.2015), the district court had jurisdiction to proceed. Ramer holds that 18 U.S.C. § 3583(e)(2), which states that a district court may modify a term of supervised release “at any time”, implies that the district court may act while an appeal is pending, notwithstanding the norm that only one court at a time has jurisdiction. See, e.g., Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (a notice of appeal “divests the district court of its control over those aspects of the case involved in the appeal”); United States v. McHugh, 528 F.3d 538 (7th Cir.2008).
The statute governing probation, 18 U.S.C. § 3563(c), says the same thing as § 3583(e)(2), so Ramer logically covers probation as well as supervised release. But I do not find Ramer persuasive. It does not consider the possibility that “at any time” refers to how long after a judgment a court may act, rather than which court has authority to act.
Before the Sentencing Reform Act of 1984, district courts could modify sentences long after they had been imposed. See, e.g., United States v. Addonizio, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), discussing the old version of Fed. R.Crim.P. 35. Until Rule 35’s adoption, “[t]he beginning of the service of the sentence in a criminal case end[ed] the power of the court even in the same term to change it.” United States v. Murray, 275 U.S. 347, 358, 48 S.Ct. 146, 72 L.Ed. 309 (1928). The 1984 Act moves back toward a system of determinate sentencing, amending Rule 35 to allow a district court to modify a sentence only on remand from a court of appeals, or in response to a motion by the prosecutor based on assistance in other defendants’ cases. Change also is possible under retroactive amendments to the Guidelines, and Rule 35 has been amended to allow correction of technical gaffes within 14 days of a sentence’s imposition. The 1984 Act left in place, however, the two statutes I have mentioned, which treat probation and supervised release as special situations, because they entail ongoing monitoring that may last long after release from prison.
To say that the 14-day limit does not apply to probation and supervised release is not at all to say that a district court may act while the same judgment is being contested on appeal. Nothing in the text of *798 § 3563(c) or § 3583(e)(2) speaks to jurisdiction, and the Supreme Court insists that jurisdictional rules be set out in jurisdictional terms. Rules about time for action do not affect jurisdiction. See Eberhart v. United States, 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (holding this about Fed.R.Crim.P. 33 in particular); see also, e.g., United States v. Kwai Fun Wong, — U.S.-, 135 S.Ct. 1625, 191 L.Ed.2d 533 (2015); Henderson v. Shinseki 562 U.S. 428, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011); Dolan v. United States, 560 U.S. 605, 130 S.Ct. 2533, 177 L.Ed.2d 108 (2010). (The rare exceptions to this norm rest on historical practice. See John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008); Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). A district court’s authority to modify terms of release while an appeal is pending does not have the support of established practice.)
The panel in Ramer did not discuss the difference between timing rules and jurisdictional rules, and that omission is understandable. The parties had not discussed jurisdiction in their briefs; the panel did so on its own, without calling for submissions from the parties. The parties have not briefed jurisdiction in this appeal either. And United States v. D’Amario, 412 F.3d 253 (1st Cir.2005), which Ramer followed, preceded Eberhart and other cases in the last decade that distinguish timing rules from jurisdictional rules. (D Amaño also did not cite pre-2005 decisions about this topic. The modern doctrine begins with Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).)
Nor did Ramer discuss the effect of its holding on other rules and statutes that allow a district court to modify a judgment. Take Fed.R.Civ.P. 60(b), some parts of which allow a judgment to be modified years after its entry. Or take Fed.R.Crim.P. 12(b)(2) and Fed.R.Civ.P. 12(h), both of which say that a district court may dismiss a case “at any time” after concluding that subject-matter jurisdiction is missing. The civil and criminal rules contain many more “any time” references. (The phrase “at any time” appears 14 times in the criminal rules and 19 times in the civil rules.)
I had supposed, until Ramer, that such rules do not affect the allocation of jurisdiction between trial and appellate courts. Indeed, one of the “at any time” references appears in Fed.R.Crim.P. 36, which we held in McHugh does not permit a district court to act while an appeal on the same subject is pending. Ramer upsets this understanding, though perhaps accidentally. It does not discuss any of these rules and, though it cites McHugh, does not recognize that McHugh concerns an “at any time” clause. So although I am content to follow Ramer today, I do not view the issue as closed. We appear to have an intra-circuit conflict that needs a fresh look with the benefit of briefs.