**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 2, 2016
Decided March 17, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

Nos. 14-3644 & 15-2727

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>v.<br><br>JEFFERY PAUL MILLER,<br>    *Defendant-Appellant*. | Appeals from the United States District Court for the Northern District of Indiana, South Bend Division.<br><br>No. 3:14CR77-001<br><br>Robert L. Miller, Jr.,<br>*Judge*. |

**O R D E R**

Jeffery Miller agreed in writing to waive his right to appeal his sentence, but he has now thought better of it and seeks to challenge his sentence nonetheless. After pleading guilty to transporting stolen goods interstate, see 18 U.S.C. § 2314, and to money laundering, see 18 U.S.C. § 1956(a)(1)(B)(i), the district court sentenced him to 135 months' imprisonment and two years' supervised release. In his first appeal (No. 14-3644), Miller argues that this court should ignore his appeal waiver and order a resentencing because the district court imposed unconstitutionally vague conditions of supervised release. After he filed that appeal, the district court granted a motion from the government to fix the challenged conditions. Although Miller has no particular

objection to the changes the court made, he has appealed from the revised sentence (No. 15-2727), on the ground that the court lacked the power to modify his conditions. We consolidated the two appeals. We now dismiss the first one, No. 14-3644, because Miller cannot escape his appeal waiver; we affirm in No. 15-2727, based on our conclusion that the district court had the authority to modify the conditions of supervised release despite the pending appeal, and it committed no error in doing so.

**I**

For two years Miller made a living by stealing copper wire from his former employer in Indiana and selling the wire in Michigan. To hide the source of the money, Miller gambled his profits at casinos. When he won, he deposited the money in a bank account; to avoid suspicion, he kept his deposits below $10,000. In the end, Miller stole and laundered over a million dollars' worth of copper wire.

After he was caught, Miller and the government reached a written plea deal. In return for a favorable sentencing recommendation from the government, Miller waived his "right to appeal or to contest [his] conviction and all components of [his] sentence, or the manner in which [his] conviction or [his] sentence was determined or imposed, to any court on any ground." The district court accepted his guilty plea on that basis.

Sentencing followed. A week before the sentencing hearing, the district court provided Miller and the government with twelve proposed conditions of supervised release. Miller objected to none of them. At the sentencing hearing, the district court imposed two years' of supervised release, "the conditions of which would be the terms that [the court] proposed in that order last week." It also sentenced Miller to 120 months' imprisonment for transporting the stolen wire across state lines, to be served concurrently with 135 months' imprisonment for his money laundering.

Despite his waiver, Miller appealed. He now argues that the following three conditions of supervised release are unconstitutionally vague, and that he is entitled to a full resentencing:

> 7. The defendant shall not travel outside the district without the permission of the probation officer, who shall grant such permission unless the travel would significantly hinder the defendant's rehabilitation.

9. The defendant shall permit a probation officer to meet the defendant at any time at home or elsewhere and shall permit confiscation of any contraband the probation officer observes in plain view.

10. The defendant shall not intentionally associate with any person who has been convicted of a felony without permission of the probation officer.

The government responded to Miller's appeal by asking the district court to use its authority under 18 U.S.C. § 3583(e)(2) to modify the three challenged conditions. Miller objected, arguing that "he is entitled to a full re-sentencing and not just modification of the conditions of supervised release." The district court, however, granted the government's motion. It recognized that "[a]mending a judgment during an appeal is unusual, but district courts have discretion to modify supervised release terms during the pendency of an appeal." It concluded that the risk of disruption to the appeal was minimal because the proposed modifications conformed to recent guidance from this court. Significantly, the district court added that "[t]he changes the government seeks would not lead the [district] court to modify any other aspect of Mr. Miller's sentence," and so modifying the conditions "might mean the district court won't need to do anything more." The district court modified the conditions by inserting the italicized language:

7.      The defendant shall not travel *knowingly* outside the district without the permission of the probation officer, who shall grant such permission unless the travel would significantly hinder the defendant's rehabilitation *or present a public safety risk.*

9.      The defendant shall permit a probation officer to meet the defendant at any time at home or elsewhere and shall permit confiscation of any contraband the probation officer observes in plain view. *The probation officer shall not conduct such a visit between the hours of 11:00 p.m. and 7:00 a.m. without specific reason to believe a visit during those hours would reveal information or contraband that wouldn't be revealed through a visit during regular hours.*

10.      The defendant shall not intentionally *meet, communicate, or otherwise interact* with any person who *defendant knows to have* been convicted of a felony, without permission of the probation officer.

Miller challenges these changes, and more broadly what he sees as the district court's evasion of his right to a full resentencing, in No. 15-2727.

## II

### A

We begin with appeal No. 14-3644. Miller argues that because the three challenged conditions, as originally crafted, are unconstitutionally vague, his appeal waiver does not bar his challenge to them. They remain in place, he asserts, because the district court did not have jurisdiction to fix them while this appeal was pending. The only possible outcome in his view is for this court to restore the original conditions, and then to vacate the entire sentence and remand for a full resentencing.

Miller is getting ahead of the game. The first question we must resolve is whether his appeal waiver permitted him to pursue appeal No. 14-3644. It is well established that a knowing, voluntary, and unambiguous waiver of the right to appeal generally bars appellate review. *United States v. Lacy*, No. 15-2740, 2016 WL 624790, at * 2 (7th Cir. Feb. 17, 2016). Miller does not contend that he did not understand or freely approve the waiver, nor does he dispute that it explicitly bars an attack on his sentence, including his conditions of supervised release. See *United States v. Sines*, 303 F.3d 793, 797–99 (7th Cir. 2002). In addition, he does not contest that he received notice of those conditions before sentencing, that he had a chance to complain about them if he thought they were unclear, and that he said nothing. Under the circumstances, it is hard to see how his appeal is not barred. See *United States v. Smith*, 759 F.3d 702, 706–07 (7th Cir. 2014); *United States v. Quintero*, 618 F.3d 746, 751 (7th Cir. 2010).

Miller thinks he has found a way to circumvent his waiver based on a limited exception, expressed in *United States v. Adkins*, 743 F.3d 176, 192–94 (7th Cir. 2014), but we recently rejected application of the *Adkins* exception in identical circumstances. See *United States v. Campbell*, No. 15-1188, 2016 WL 685119 (7th Cir. Feb. 19, 2016). In *Adkins*, a condition of supervised release barred the defendant from viewing or listening to "any pornography or sexually stimulating material or sexually oriented material *or patronize locations where such material is available*." *Id.* at 191 (emphasis added). Because this condition barred Adkins from protected free expression such as using a library or computer, we held that "fundamental fairness" required us to overlook that particular appeal waiver. *Id.* at 192–94. The defendant in *Campbell* tried to extend the *Adkins* holding to his situation, which raised the same three conditions that Miller challenges

here. We were not persuaded. None of the conditions Campbell, and now Miller, are challenging (prohibiting unapproved out-of-district travel, requiring in-home visits, and barring unapproved contact with known felons) threatens to muzzle protected speech. See *Campbell*, 2016 WL 685119 at *2. *Campbell* demonstrates why *Adkins* does not help Miller. His appeal waiver is enforceable, and it requires us to dismiss case No. 14-3644.

**B**

That brings us to appeal No. 15-2727, which challenges the appropriateness of the new order modifying the conditions of supervised release. Miller argues that, because the first appeal was pending, the district court lacked jurisdiction to use § 3583(e)(2) to fix the conditions.

Before reaching the merits of his argument, we say another word about the appeal waiver, and we address Miller's standing to appeal the modified conditions. Courts have suggested that appeal waivers may not bar appeals where the government has asked the district court to modify conditions of supervised release. See *United States v. Scallon*, 683 F.3d 680, 684 n.4 (5th Cir. 2012) (broad appeal waiver bars appeal from denial of defendant's motion to modify conditions of supervised release under § 3583(e)(2), but may allow appeal from a decision if the *government* had moved to modify); see also *United States v. Wilson*, 707 F.3d 412 (3d Cir. 2013) (appeal from order modifying conditions of supervised release falls outside the scope of appeal waiver); *United States v. Lonjose*, 663 F.3d 1292, 1302 (10th Cir. 2011) (same). And the government here does not argue that the appeal waiver bars appeal No. 15-2727. See *United States v. Kieffer*, 794 F.3d 850, 852 (7th Cir. 2015) (government's silence about appeal waiver can waive reliance on it). The government's concession alone is enough to allow us to proceed without confronting the broader issues.

We are also satisfied that Miller has standing to appeal. Generally a party not harmed by a judgment lacks standing to appeal. See *Parr v. United States*, 351 U.S. 513, 516–17 (1956); *Wachovia Sec., LLC v. Loop Corp.*, 726 F.3d 899, 907 (7th Cir. 2013); *Chase Manhattan Mortg. Corp. v. Moore*, 446 F.3d 725, 727 (7th Cir. 2006). Viewed one way, Miller is now under *less* restrictive conditions as a result of the modifications. But the modified judgment still leaves Miller under conditions of supervised release. Because those conditions restrict his liberty, he, like any sentenced defendant, has standing to appeal. *Cf. United States v. McAndrews*, 12 F.3d 273, 278–79 (1st Cir. 1993) (criminal defendant has standing to appeal when "dissatisfied with the quantum of relief obtained" even though

he received some reduction in term of imprisonment under Federal Rule of Criminal Procedure 35(b)).

These procedural victories are probably cold comfort, however, because on the merits Miller cannot prevail. We held in *United States v. Ramer*, 787 F.3d 837, 838–39 (7th Cir. 2015), that while an appeal is pending a district court retains jurisdiction under § 3583(e)(2) to modify conditions of release. One member of the court, in a concurring opinion in *United States v. Taylor*, 796 F.3d 788, 797–98 (7th Cir. 2015), questioned whether *Ramer* correctly decided that a district court retains jurisdiction to modify conditions during an appeal. But this case is not a good candidate for the closer look at these issues that he recommended. Miller has no quarrel with the modifications other than his desire for a full resentencing. But a proceeding under § 3583(e)(2) is not an opportunity for a full resentencing. Even if, on Miller's premise that the district court's modifications were ineffective, we were to remand his case for the district court to fix the conditions now, Miller would still not be entitled to a resentencing. Vague conditions like those in Miller's original sentence require only a remand for clarification. See *United States v. Purham*, 795 F.3d 761, 767–68 (7th Cir. 2015); *United States v. Sewell*, 780 F.3d 839, 851–52 (7th Cir. 2015). Moreover, the district court has already announced that clarifying the challenged conditions "would not lead the court to modify any other aspect of Mr. Miller's sentence."

Finally, we note that the modified conditions go a long way toward curing the kind of problems we have flagged in the past. They now include a scienter requirement, they replace the word "associate" with more precise verbs, and they put time limits on home visits. See *United States v. Armour*, 804 F.3d 859, 869–70 (7th Cir. 2015); *Kappes*, 782 F.3d at 849–50. The only arguable error is in condition number 9, which allows the probation officer to visit Miller at home "or elsewhere." As we noted in *United States v. Henry*, No. 14-3810, 2016 WL 629992, at *2–3 (7th Cir. Feb. 17, 2016), "elsewhere" does not limit the visits to a reasonable location. Miller, however, does not raise this argument (he attacks only the lack of time restriction in the original condition), and so it is waived. In any case, if he eventually finds that the probation officer unreasonably abuses this condition, he will be free to seek a modification under § 3583(e)(2). See *United States v. Neal*, 810 F.3d 512, 518–19 (7th Cir. 2016).

Accordingly we DISMISS No. 14-3644 as barred by the appeal waiver and we AFFIRM the district court's order in No. 15-2727.