In the

# United States Court of Appeals

## For the Seventh Circuit

————————

No. 07-3594

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

THOMAS M. MCHUGH,

*Defendant-Appellant*.

————————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 07-CR-100-S—**John C. Shabaz**, *Judge*.

————————

ARGUED MAY 6, 2008—DECIDED JUNE 12, 2008

————————

Before EASTERBROOK, *Chief Judge*, and WOOD and TINDER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Thomas McHugh pleaded guilty to structuring financial transactions to evade currency-reporting requirements, see 31 U.S.C. §5324(a)(3), and has been sentenced to 41 months' imprisonment. In open court, the district judge said that he would recommend to the Bureau of Prisons that McHugh "be afforded the opportunity to participate in substance abuse education and treatment programs". The judgment includes this statement: "The Court recommends the defendant be afforded the opportunity to apply for substance abuse

education and treatment programs while confined which do not include an early release." McHugh's only argument on appeal is that the language "which do not include an early release" is inconsistent with the oral statement. A sentence pronounced in a defendant's presence prevails over a written sentence when the two conflict. See, e.g., *United States v. Makres*, 851 F.2d 1016 (7th Cir. 1988).

Whether the judge's oral and written sentences conflict is an interesting question—an elaboration differs from a contradiction—but not one we need answer. Indeed, this appeal does not present any question within "the judicial Power" under Article III of the Constitution, because a recommendation differs from a judgment. Before we proceed, however, we must clear up a problem introduced by the district court's recent effort to resolve the issue.

After both sides' briefs had been filed, and less than a month before the date set for oral argument, McHugh (acting *pro se*) filed in the district court a motion asking that the phrase "which do not include an early release" be deleted. Judge Shabaz, who sentenced McHugh, is on medical leave; Chief Judge Crabb granted the motion in his absence.

The district court lacked authority to make this change.

First, in criminal cases district courts may correct errors only within seven days of sentencing. Fed. R. Crim. P. 35(a). Chief Judge Crabb invoked Fed. R. Crim. P. 36, which provides that "clerical" errors may be corrected "at any time", but the record does not show that this error was "clerical". Rule 36 cannot be used to enlarge the time provided by Rule 35(a) for fixing judicial gaffes. See

*United States v. Becker*, 36 F.3d 708, 710 (7th Cir. 1994); *United States v. Daddino*, 5 F.3d 262, 264–65 (7th Cir. 1993). Because nothing in the record implies that the contested language was added to the judgment without Judge Shabaz's knowledge or approval, Rule 36 does not apply. (It is possible in principle for a judge to make a "clerical" mistake by transcribing his own decision incorrectly, but the record does not suggest that this has occurred.)

Second, a district court may not interfere with this court's jurisdiction by amending a decision that is under appellate review. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). A district court may patch up clerical errors affecting one aspect of a case while another aspect is on appeal. See *United States v. McGee*, 981 F.2d 271 (7th Cir. 1992). But neither *McGee* nor any other opinion that we have been able to find allows a district court to use Rule 36 to change the precise feature of a disposition that is under appellate review. Only one court at a time has jurisdiction over a subject. Chief Judge Crabb apparently did not recognize this problem, because McHugh's motion did not mention that the same issue was pending on appeal and the district court granted the motion before the prosecutor could file a response.

Third, neither Chief Judge Crabb nor this court is entitled to change Judge Shabaz's recommendation to the Bureau of Prisons. A recommendation differs from a judgment, and under Article III that difference is fundamental.

The First Congress enacted a statute directing federal judges to review veterans' and survivors' claims and make recommendations to the Secretary of War about whether these claims should be paid. Chief Justice Jay and Justice Cushing concluded that this law was unconstitutional, because the "judicial Power of the United States" is a power to make binding decisions, not to make suggestions that the Executive Branch may accept or reject. See *Hayburn's Case*, 2 U.S. (2 Dall.) 409 (1792). The Justices volunteered to make recommendations outside their judicial capacities, but no one supposed then (or later) that these recommendations could be reviewed by another court. If making a recommendation is not the exercise of the judicial power, then affirming or reversing such a recommendation on appeal also is not an occasion for the use of a "judicial" power.

*Hayburn's Case* did not speak for the Supreme Court (the statute was amended before the full Court could act), but the decision of the Justices on circuit has long been understood as a foundation of Article III jurisprudence. See, e.g., *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 218 (1995); *Chicago & Southern Air Lines, Inc. v. Waterman Steamship Corp.*, 333 U.S. 103 (1948); *United States v. Ferreira*, 54 U.S. 40 (1852). It means that, although a judge may tender a recommendation to the Executive Branch, the recommendation cannot be treated as if it were a judgment and reviewed or revised by some other judge.

Judge Shabaz had a case or controversy—he had to decide whether McHugh had committed a crime and, if so, what punishment to mete out—but Chief Judge Crabb did not, and neither do we. It is no more permissible to amend Judge Shabaz's recommendation to the Bureau of Prisons than it would be to amend his statement of rea-

sons for the sentence, just to yield a view more to another judge's liking, while leaving the sentence untouched. That would be an advisory opinion. See *Powerex Corp. v. Reliant Energy Services, Inc.*, 127 S. Ct. 2411, 2419 (2007); *Leguizamo-Medina v. Gonzales*, 493 F.3d 772 (7th Cir. 2007).

Judge Shabaz gave the Bureau of Prisons a suggestion, which the Bureau is free to accept or reject. In doing so he did not exercise the judicial power, and McHugh's request that we redact the suggestion likewise does not appeal to the judicial power. McHugh's lawyer is free to communicate with the Bureau of Prisons on this subject, but no Article III court may issue an advisory opinion changing a suggestion that does not affect the sentence.

McHugh contends that *United States v. Gonzales*, 765 F.2d 1393 (9th Cir. 1985), reviewed a district judge's suggestion to the Bureau of Prisons, but we do not read *Gonzales* so. Gonzales contended that a recommendation to the Bureau that he be placed in a sex-offender treatment program revealed that the district judge had taken into account certain contested information in the presentence report, and had increased his term of imprisonment on the basis of this information, even though by a statement under Fed. R. Crim. P. 32(c)(3)(D) the judge had disclaimed any reliance on that information. (The subsection in question is today Rule 32(i)(3)(B).) The court of appeals took the district judge at his word and affirmed. The question before the court of appeals in *Gonzales*—whether the defendant's sentence was too long—was within the judicial power under Article III. That a dispute about the validity of a judgment may be entangled with a recommendation does not imply that a recommendation standing alone may be reviewed or "corrected" by a court of appeals.

The decision of Chief Judge Crabb dated April 23, 2008, is vacated. The appeal otherwise is dismissed for want of a justiciable controversy.