In the

# United States Court of Appeals
## For the Seventh Circuit
_____

Nos. 08-1856, 08-1857, 08-1858, and 08-1862

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

FRANCIS LAWRENCE, ANTHONY O. JACKSON,
DAVID L. ANDERSON, AND LEON R. JOHNSON,

*Defendants-Appellants.*

_____

Appeals from the United States District Court
for the Northern District of Indiana, Hammond Division.
Nos. 98 CR 47, 00 CR 93, 02 CR 103,
and 98 CR 145—**Rudy Lozano**, *Judge.*

_____

ARGUED JUNE 3, 2008—DECIDED JULY 25, 2008

_____


Before KANNE, SYKES, and TINDER, *Circuit Judges.*

TINDER, *Circuit Judge.* This case involves the consolidated appeals of Francis Lawrence, Anthony Jackson, David Anderson, and Leon Johnson, who filed motions with the district court to reduce their sentences under the retroactive sentencing guideline reductions for crack cocaine offenses. The court granted the defendants' motions and reduced their sentences according to the guidelines, but the court also, apparently inadvertently,

included language in the orders that converted each sentence into "time served." Within a few weeks, the court recognized the error and entered modifications to correct the language. Accordingly, the defendants are challenging the district court's authority to substantively modify their sentences outside of the seven-day window permitted by Federal Rule of Criminal Procedure 35.

## I. Background

In order to decrease the disparity between sentences for crack cocaine offenses and powder cocaine offenses, the United States Sentencing Commission reduced the penalties for crack cocaine offenses by amending the sentencing guidelines in 2007. The Commission also voted to make the changes to the guidelines retroactive, effective March 3, 2008. The amendment to the guidelines generally results in a base offense level of two levels less than the original offense level. *See* U.S.S.G. app. C, amend. 706.

A district court has the authority under 18 U.S.C. § 3582(c)(2) to modify a defendant's sentence where the sentence included a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission. Lawrence, Jackson, Anderson, and Johnson were sentenced for crack cocaine offenses prior to the amendment of the guidelines. Each defendant filed a motion for a reduction under § 3582(c)(2). Lawrence had originally been sentenced to 188 months' imprisonment, and his motion asked the court to reduce his sentence to 151 months. Jackson had originally been sentenced to 151 months' imprisonment, and his motion

asked the court to reduce his sentence to 121 months. Anderson had originally been sentenced to 97 months' imprisonment, and his motion asked the court to reduce his sentence to 78 months. Johnson had originally been sentenced to 151 months' imprisonment, and his motion asked the court to reduce his sentence to 61 months. The government filed a response to each motion and agreed that the calculations proposed by Lawrence, Jackson, and Anderson were appropriate. The government disagreed with Johnson's calculation and proposed that 120 months should be required because Johnson was subject to a mandatory minimum sentence of 10 years; Johnson filed a response and agreed that the government's calculation was proper.

The district court granted Johnson's motion in an order on March 4, 2008. The court granted Lawrence's and Anderson's motions in orders on March 6, 2008. The court granted Jackson's motion in an order on March 13, 2008. Each order reduced the sentence to the number of months agreed upon by the parties and contained an effective date of ten days after the order date. Each order also included the following language: "If this sentence *exceeds* the amount of time the defendant has already served, the sentence is reduced to a 'Time Served' sentence" (emphasis added). On March 26, 2008, the district court entered an order in each defendant's case stating that the previous order contained a clerical error that was being corrected. It then entered an order for each defendant amending the prior order: "If this sentence is *less than* the amount of time the defendant has already served, the sentence is reduced to a 'Time Served' sentence" (emphasis added).

## II. Rules 35 and 36

We review a challenge to the district court's authority to modify a sentence de novo. *United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993). A district court may correct within seven days the imposition of a sentence that contained an "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a); *see also United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008); *Daddino*, 5 F.3d at 265. It is clear that the court's inclusion of the language converting the sentences to "time served" was inadvertent.[1] The government concedes that the corrections were made more than seven days after the orders were entered. We consider, however, whether the court's use of an "effective date" ten days after the order was entered extended the amount of time the court had to correct the error; if so, the correction of Jackson's sentence was timely. (The modifications of the other defendants' sentences would be untimely as of either date.)

Rule 35(a) applies within seven days "after sentencing." The rule defines "sentencing" as the "oral announcement of the sentence." Fed. R. Crim. P. 35(c). The definition was added to Rule 35 in 2004 to resolve a circuit split as to whether the imposition of a sentence occurred at the oral sentencing or upon the entering of the written judgment by the court. *See* Fed. R. Crim. P. 35(c) advisory

---

[1] The district court's use of the language at issue may have resulted from a recommendation by the Bureau of Prisons that used the same language and was transmitted to the judiciary for use in retroactive crack sentencing cases by the Judicial Conference's Committee on Criminal Law. The mistake was discovered and corrected in a letter transmitted to the judiciary by the Committee on March 13.

committee's note (explaining the need for a definition of "sentencing"); *United States v. Wisch*, 275 F.3d 620, 626 (7th Cir. 2001) (describing circuit split). Here, the court did not hold hearings or make oral announcements when granting the defendants' motions to reduce their sentences. We conclude that the sentences were imposed and the seven-day periods began when the written orders were entered, and so the modifications by the court were untimely for all four defendants under Rule 35(a).

Rule 36 provides an exception that allows a court to correct a "clerical error" in an order at any time, *see McHugh*, 528 F.3d at 540; *Daddino*, 5 F.3d at 264, and the court here characterized the language in its order as containing such an error. Rule 36 is limited, however, to errors that are truly clerical in nature; it cannot be used to fix "judicial gaffes." *See McHugh*, 528 F.3d at 540.

We have previously considered the scope of Rule 36 on several occasions. In *Daddino*, the district court's written sentencing order omitted payment of costs of incarceration and supervision, but the court amended the written order to include those costs two months later. We held that the omission of those costs stemmed from an oversight of the court itself and, therefore, the correction was not permitted by Rule 36. *Daddino*, 5 F.3d at 265. In *United States v. Eskridge*, 445 F.3d 930, 934 (7th Cir. 2006), the court revoked the defendant's two concurrent terms of supervised release and ordered imprisonment followed by additional supervised release. The court referred to the additional supervised release as "a term" and did not specify orally or in writing that the supervised release was for two concurrent terms. The court later revoked the defendant's second supervised release and ordered the defendant to be imprisoned for two con-

secutive terms. We noted that Rule 36 could not be used to correct the prior erroneous imposition of a single term of supervised release, and we held, therefore, that the court lacked the authority to re-sentence the defendant to two consecutive terms of imprisonment. *Id.* at 934-35. In *McHugh*, the court orally sentenced the defendant and recommended to the Bureau of Prisons that the defendant be afforded the opportunity to participate in substance abuse education and treatment programs. The written order included the oral recommendation but limited the recommendation to programs "which do not include an early release." While the recommendation was being appealed, a different judge at the district court modified the order to remove the additional words upon the pro se motion of the defendant. We held that the district court lacked the authority to make the change for several reasons, including that Rule 36 was inapplicable where nothing in the record indicated that the additional limitation in the written order had been added without the original judge's knowledge or approval. *McHugh*, 528 F.3d at 540. Other circuits have reached similar conclusions. *See, e.g., United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008) (rejecting use of Rule 36 where the court inadvertently orally sentenced the defendant to three concurrent terms of 310 months and later corrected it in a written order to two concurrent terms of 240 months and one consecutive term of 70 months); *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987) (rejecting use of Rule 36 where the court failed to announce that the defendant was placed on probation but later corrected it in a written order).

Here, the district court modified the sentence by substituting the words "is less than" for the word "exceeds."

The corrected sentence reflected the parties' and the court's intent. However, "[a] district judge may . . . correct a final judgment in a criminal case to reflect the sentence he actually imposed but he cannot change the sentence he did impose even if the sentence was erroneous." *Eskridge*, 445 F.3d at 934. Unlike in *Daddino*, *Eskridge*, and *McHugh*, we do not have an oral pronouncement of the sentence to consider, and so the sentences "actually imposed" were the written orders that converted the sentences to time served. The error cannot be deemed a clerical error under Rule 36, and the March 26, 2008, orders modifying each defendant's sentence and the explanatory orders must be vacated.

## II.  Subject-Matter Jurisdiction

We now turn to the reduced sentences ordered on March 4, 6, and 13, which will again be in effect when the March 26 orders are vacated. The defendants argue that those orders are not properly before us because the government did not appeal from the orders and has waived any challenge to them. The government contends the orders are properly before us because the district court lacked jurisdiction to sentence the defendants to time served in those orders.

We consider whether the court had subject-matter jurisdiction to enter the orders; the district court's subject-matter jurisdiction is always properly before us and cannot be waived by a party. *United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006); *Luna v. United States*, 454 F.3d 631, 635 (7th Cir. 2006). Subject-matter jurisdiction is "the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83,

89 (1998); *United States v. Cotton*, 535 U.S. 625, 630 (2002). It "delineat[es] the classes of cases . . . falling within a court's adjudicatory authority." *Eberhart v. United States*, 546 U.S. 12, 16 (2005) (citing *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)).

Generally, district courts lack subject-matter jurisdiction to revisit sentences already imposed upon defendants. *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). Congress has authorized courts to revisit sentences, however, in three situations specified by § 3582(c). The district court can modify a sentence where: (1) the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements; (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission. We have previously recognized that § 3582(c) is indeed a jurisdictional grant. *See Smith*, 438 F.3d at 799 ("Because § 3582(c) limits the substantive authority of the district court, it is a real 'jurisdictional' rule . . . ."). Under 18 U.S.C. § 3582(c)(2),[2] the

---

[2]  18 U.S.C. § 3582(c)(2) provides:

The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the

(continued...)

relevant subsection for sentence reductions due to a guideline change, the court can exercise its jurisdiction over this "class of cases" upon motion of a defendant, the Bureau of Prisons, or the court *sua sponte*. Section 3582(c)(2) also sets forth limitations on the court's authority to reduce the sentence, by requiring that the court consider the § 3553(a) factors in determining whether to reduce the sentence and by requiring that the reduction be consistent with the applicable policy statements issued by the Commission. We will assume, without deciding, that the court's action of sentencing the defendants to time served was inconsistent with the applicable policy statements, in order to consider whether that action would deprive the court of subject-matter jurisdiction.

In *United States v. Ceballos*, 302 F.3d 679 (7th Cir. 2002), we considered whether 21 U.S.C. § 851(a) was jurisdictional in nature.[3] We concluded that the district court's subject-matter jurisdiction was provided by 21 U.S.C. § 3231, which creates a court's jurisdiction over offenses

---

[2]  (...continued)

> defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

28 U.S.C. § 994(o) gives the Commission the authority to periodically review and revise the guidelines.

[3]  Section 851(a) prohibits a court from imposing an increased sentence based upon a defendant's prior conviction unless the United States Attorney files an information with the court prior to trial.

against the laws of the United States. *Id.* at 691. Section 851(a), we determined, only created a procedure that affected a court's power to impose specified penalties. *Id.* at 692. We noted that "[o]nce subject-matter jurisdiction has properly attached, courts may exceed their authority or otherwise err without loss of jurisdiction." *Id.* at 691 (citing *United States v. Prou*, 199 F.3d 37, 45 (1st Cir. 1999)); *see also Cotton*, 535 U.S. at 630-31 (holding that defects in an indictment do not affect the subject-matter jurisdiction of the court to determine the case presented in the indictment); *Steel Co.*, 523 U.S. at 90 (finding that a statute giving the district court "jurisdiction" over a cause of action to impose civil penalties did not make all of the elements of that cause of action jurisdictional; rather, it specified the remedial powers of the court).

In contrast to the above-cited cases, here the district court's jurisdiction as well as its authority to impose specified penalties stemmed from the same source, § 3582(c)(2). That the subject-matter jurisdiction and the limitations on its authority are contained within the same section (indeed, the same sentence) does not change our analysis. Section 3582(c)(2) creates a class of cases that the district court is empowered to act upon— cases where a defendant has been sentenced to a term of imprisonment and the guideline range has subsequently been lowered by the Commission. Subject-matter jurisdiction is proper when a case falls within that class.

Section 3582(c)(2) also limits the court's authority to reduce a sentence by requiring that it consider § 3553(a) and reduce a sentence only if it is consistent with the applicable policy statements. If a court has re-sentenced a defendant outside of these boundaries, it has erred. Such an error, however, is not a jurisdictional one:

"[s]ubject-matter jurisdiction is absent when a federal court may not issue a binding decree on a subject*." United States v. Wey*, 895 F.2d 429, 431 (7th Cir. 1990). Here, the court had the ability to issue a binding decree on the defendants; it just (arguably) erred in applying the proper remedy.[4] "[T]he fact that the judgment actually entered embodied a sentence that [differed from] the level authorized by Congress did not divest the court of jurisdiction over the subject matter." *Prou*, 199 F.3d at 46 (referring to § 851(a)).

Because the district court had the power to adjudicate the class of case at issue here, the court did not lack subject-matter jurisdiction. The order sentencing the defendants to time served is, therefore, not properly before us because it was not appealed.

The question remains, however, whether the government has waived the issue. In *Greenlaw v. United States*, 128 S.Ct. 2559 (2008), a defendant appealed the length of his sentence and the government failed to file a cross-appeal. Finding plain error, the Eighth Circuit *sua sponte* increased the defendant's sentence by 15 years to comply with a statutory minimum that the district court had

---

[4] In *United States v. Taylor*, 520 F.3d 746, 748 (7th Cir. 2008), we noted that the post-*Booker* advisory nature of the guidelines might allow for argument that the defendant could be re-sentenced below the new guidelines range and remain "consistent" with the applicable policy statements as required by § 3582(c)(2); however, the issue was not argued in *Taylor*, so we "[took] no position on it." *Id.* Our conclusion in this case that the district court had subject-matter jurisdiction regardless of any potential error in reducing the defendants' sentences precludes us from answering this question again today.

overlooked. The Supreme Court clarified that under the cross-appeal rule, it is impermissible for an appellate court to alter a judgment to benefit a nonappealing party. *Id.* at 2564. The Supreme Court noted that Congress, through its specification of the instances in which the government could seek review of a sentence, had given the government "the prerogative to seek or forgo appellate correction of sentencing errors," and "[t]hat measure should garner the Judiciary's full respect." *Id.* at 2565-66. The Court also discussed that the interests of the parties and the legal system in fair notice and finality would be undermined by a modification of a judgment that had not been appealed. *Id.* at 2569.

Congress has given the government the authority to appeal a sentence if the sentence was imposed in violation of law, was imposed as a result of an incorrect application of the sentencing guidelines, is less than the guidelines minimum sentence, or was imposed for an offense for which there is no sentencing guideline and the sentence is plainly unreasonable. 18 U.S.C. § 3742(b). The government has 30 days after the entry of the order being appealed to file a notice of appeal with the district court. Fed. R. App. P. 4(b)(1)(B). Here, the government's time to file a notice of appeal had not yet expired, when, on March 26, the district court *sua sponte* entered new orders. At that point, the government had no reason to appeal the original orders because the orders had been superseded by sentences that presumably no longer fit within the appealable conditions specified by § 3742(b). It appears that here, unlike in *Greenlaw,* the government had not yet exercised its prerogative to forgo appeals because the time periods had not expired when the court purported to correct the sentences. Now that the sentences of

March 4, 6, and 13 are at issue again, it would not seem to run afoul of the cross-appeal rule or undermine the interests of fair notice and finality to permit the government to file notices of appeal within the remainders of the 30-day time periods that had not expired as of March 26. If the government chooses to appeal, the district court should consider whether the defendants should be detained pending the appeals pursuant to 18 U.S.C. § 3143(c). Any such appeals should be returned to this panel as successive appeals under Operating Procedure 6(b).

### III. CONCLUSION

The district court lacked the authority to correct the sentences on March 26, 2008, and we VACATE those orders and the explanatory orders of the same date. The prior sentence orders of March 4, 6, and 13 are again in effect.