**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois  60604

Submitted September 25, 2008[1]
Decided December 23, 2008

*Before*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-2584

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 03-CR-2 |
| LELAND B. HALL, *Defendant-Appellant*. | Rudolph T. Randa, *Chief Judge*. |

## O R D E R

This case comes before us for the second time.  After a limited remand on direct appeal, the district court stated that it would have issued the same sentence to Leland Hall even if it had known the federal sentencing guidelines were advisory and not mandatory. *See United States v. Booker*, 543 U.S. 220 (2005).  Hall now argues his sentence should be reduced pursuant to Amendment 706 to the United States Sentencing Guidelines, which retroactively reduced sentences for most crack cocaine offenses. Because Hall was convicted of a gun crime, not a drug offense, we reject his contention that Amendment 706 calls for a reduction in his sentence.

### I. BACKGROUND

In May 2003, a jury found Hall guilty of one count of being a felon in possession of a firearm

---

[1] This successive appeal has been submitted to the original panel under Operating Procedure 6(b).  After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus the appeal is submitted on the briefs and the record.  See Fed. R. App. P. 34(a)(2).

in violation of 18 U.S.C. § 922(g)(1) and of one count of being a person subject to a domestic abuse restraining order in possession of a firearm in violation of § 922(g)(8).[2]  The district court sentenced Hall to 78 months' imprisonment and three years of supervised release.  On Hall's direct appeal, this court ordered a limited remand in light of *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). The district court answered that it would have imposed the same sentenced even under advisory guidelines. Hall failed to show that his sentence was unreasonable under the current sentencing guidelines, so this court upheld the district court's decision. *United States v. Hall*, No. 03-4047, 2006 WL 166446, at *1 (7th Cir. Jan. 23, 2006).

In March 2008, Hall filed a motion in the district court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Hall argued that Amendment 706 to the Sentencing Guidelines provided a basis for reducing his sentence because the court enhanced his sentence by four levels in connection with another felony offense—namely, that he "rented" the car in which he was arrested in exchange for a crack rock immediately before his arrest. The district court rejected this argument because it concluded that Amendment 706 does not apply to sentences based on gun possession convictions. Hall then filed this pro se appeal.

## II.  ANALYSIS

Hall's sole argument in this successive appeal is that he was sentenced not only for his gun possession, but also for his trade of crack cocaine for a car, and therefore the trial court should have granted his motion for sentence reduction.  We review a district court's application of the sentencing guidelines de novo.  *United States v. Rollins*, 544 F.3d 820, 837 (7th Cir. 2008).

Under § 3582(c)(2),  a district court may reduce a previously imposed term of imprisonment when it is based on a sentencing range that has subsequently been lowered by an amendment to the Sentencing Guidelines, if such a reduction is consistent with the policy statements issued by the United States Sentencing Commission. *United States v. Lawrence*, 535 F.3d 631, 637 (7th Cir. 2008).

On November 1, 2007, the Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D 1.1(c). U.S.S.G. App. C, Amend. 706 (2007). Amendment 706 provided a two-level reduction in base offense levels for most crack cocaine offenses. On December 11, 2007, the Sentencing Commission also promulgated Amendments 712 and 713, which made Amendment 706 retroactive. The purpose of the amendments was to address the 100 to 1 sentencing disparity for crack cocaine and powder cocaine offenses. *United States v. Padilla*, 520 F.3d 766, 773-74 n.2 (7th Cir. 2008).

It is clear to us that the district court properly calculated Hall's sentence for his unlawful possession of a firearm under U.S.S.G. § 2K2.1. The district court also properly enhanced Hall's sentence by four levels under U.S.S.G.  § 2K2.1(b) because he possessed the gun when he traded the crack for the car.  The fatal flaw in Hall's argument is that his sentence was not calculated under U.S.S.G. § 2D1.1 for any crack cocaine transaction. Instead, he was convicted for his unlawful possession of a firearm, which is not within the purview of sentences reduced by Amendment 706. His sentencing range was not subsequently lowered by Amendment 706, as required for a modification of his sentence under § 3582(c)(2).

## III.  CONCLUSION

---

[2] The district court subsequently granted the government's motion to dismiss the latter charge.

The denial of Hall's § 3582(c)(2) motion is AFFIRMED.