NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 4, 2009[*]
Decided February 5, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-3198

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | 06-CR-286-002 |
| | |
| BILLY BELCHER, | J. P. Stadtmueller, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

After Billy Belcher was sentenced for conspiring to distribute crack cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), the United States Sentencing Commission retroactively reduced the base offense levels for some crack offenses. Belcher moved for a sentence reduction under

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

18 U.S.C. § 3582(c)(2), but the district court concluded that the amendments did not benefit Belcher and denied his motion. The government concedes that the court erred. We accept the government's concession and remand for further consideration.

At sentencing in May 2007 the district court found that Belcher's relevant conduct included 486.55 grams of crack and 907.2 grams of marijuana. The court calculated a total offense level of 31 and a criminal history category of V, resulting in a guidelines imprisonment range of 168 to 210 months. After noting that the proposed amendments to U.S.S.G. § 2D1.1 would lower that range to 140 to 175 months, the district court imposed a term of 156 months. Then in July 2008, after the amendments had become effective and were made retroactive, Belcher filed, with counsel's assistance, an unopposed motion to reduce his sentence under § 3582(c)(2). Belcher argued that because the district court had imposed a term of imprisonment that was 7% below the low end of his pre-amendment range, he should be resentenced to 130 months, or 7% below the low end of his post-amendment range. The district court denied Belcher's motion with the explanation that the amendments did not change his offense level or guidelines range.

The district court erred in concluding that the amendments did not change Belcher's offense level or guidelines range. It appears that the court considered only Amendments 706 and 711, which provided a retroactive two-level reduction in the offense level for most crack offenses but not for offenses involving both crack and another controlled substance. *See* U.S.S.G., Supp. to App. C, amends. 706, 711 (2007); *United States v. Lawrence*, 535 F.3d 631, 634 (7th Cir. 2008). The Commission corrected this anomaly with Amendments 715 and 716, effective May 1, 2008, which retroactively apply the two-level reduction to combined-drug offenses as well. *See* U.S.S.G., Supp. to App. C, amends. 715, 716 (2008). Under the amended versions of notes 10(B), 10(D), and 10(E) in the commentary to U.S.S.G. § 2D1.1, Belcher's 486.55 grams of crack is converted to its marijuana equivalent, which, using a conversion rate of 1 gram of crack = 20 kilograms of marijuana, is 9,731 kilograms. Adding the additional 907.2 grams of marijuana yields a total of roughly 9,732 kilograms. Under § 2D1.1(c)(3) the base offense level for that quantity was previously set at 34 but reduced to level 32 by Amendment 715. After a 3-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, Belcher's revised total offense level is 29 and his new guidelines range is 140 to 175 months.

Although it appears that at sentencing the district court took the proposed amendments into account even though they were not yet effective, and although the guidelines themselves discourage the application of a retroactive amendment to reduce a below-range sentence imposed under the discretionary authority of *United States v. Booker*, 543 U.S. 220 (2005), *see* U.S.S.G. § 1B1.10(b)(2)(B), a further reduction is not prohibited. Accordingly, we VACATE the judgment and REMAND to the district court to determine

whether, in light of Belcher's new guidelines range, a reduction in his prison sentence is appropriate.