NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 5, 2009[*]
Decided October 6, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-2196

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 98-CR-102 |
| | |
| YVETTE PETERSON, | Rudolph T. Randa, |
| *Defendant-Appellant.* | *Judge.* |

### O R D E R

Yvette Peterson appeals from the district court's denial of her motion to reduce sentence. We affirm.

In 2000, Peterson pleaded guilty to conspiring to distribute cocaine, *see* 21 U.S.C. §§ 841, 846. The court imposed a sentence of 300 months in prison, a sentence within the

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

applicable guideline range of 292 to 365 months. That range included a base offense level of 38 (based on her acknowledgment in the plea agreement that she was responsible for at least 150 kilograms of powder cocaine), *see* U.S.S.G. § 2D1.1(c), two additional levels for obstruction of justice, *see* U.S.S.G. § 3C1.1, and a criminal history category of I. Peterson did not take a direct appeal.

Eight years later, Peterson filed a motion to reduce sentence under 18 U.S.C. § 3582(c)(2), the retroactive authority given to courts to adjust sentences based on changes in the crack-to-powder cocaine ratio. As she was not sentenced for a crack cocaine offense, the district court denied the motion. She did not appeal this denial.

The following year Peterson filed a second § 3582(c) motion, citing a 1994 amendment that reduced the base offense level applicable to controlled substance offenses, *see* U.S.S.G. app. C, vol. I, amend. 505 (1994). The district court denied the motion because the amendment was already in effect during her original sentencing. From this denial Peterson filed a notice of appeal.

Three days after we entered the notice on our docket, Peterson filed a motion in the district court under Federal Rule of Civil Procedure 60(b) to clarify that she meant for her § 3582(c) motion to rely on Amendment 591, *see* U.S.S.G. app. C, vol. II, amend. 591 (2000), not Amendment 505. Amendment 591 largely discontinued the practice of using uncharged relevant conduct to select a Chapter Two guideline section. *Id.* The court denied the motion because this appeal was pending.

On appeal Peterson challenges the district court's denial of her second § 3852(c) motion, reasserting generally that she was entitled to a sentence reduction based on Amendment 505. That amendment lowered the maximum base offense level under U.S.S.G. § 2D1.1(c) for cocaine offenses from 42 to 38. Under § 3852(c), a defendant convicted of a cocaine offense may seek a sentence reduction if the sentence was based on a guideline range that has subsequently been lowered. *See* U.S.S.G. § 1B1.10(a)(2)(B) (policy statement); *United States v. Lawrence*, 535 F.3d 631, 637 (7th Cir. 2008). But the district court correctly found that the amendment was already in place at the time of Peterson's sentencing, having been adopted by the Sentencing Commission in 1994. *See* U.S.S.G. app. C, vol. I, amend. 505 (1994). In any event, Peterson could not benefit from Amendment 505 because that amendment affects only defendants who are responsible for distributing at least 500 kilograms of powder cocaine, and the court found her responsible for at least 150 kilograms; Peterson's base offense level therefore was 38 both before and after the adoption of Amendment 505. *See United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009) (per

curiam). Because Peterson's sentence remains unchanged, the court lacked jurisdiction and thus authority to reduce her sentence. *See Lawrence*, 535 F.3d at 638.

Peterson next asserts that the district court improperly failed to consider the merits of her Federal Rule of Civil Procedure 60(b) motion, in which she asserted that she had mistakenly based her § 3582(c) motion on Amendment 505 rather than Amendment 591. But the district court properly declined to hear the claim because the appeal was pending and the substance of both the appeal and the new motion concerned her sentence. Peterson's notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008). In any event, a Rule 60(b) motion seeks relief for, among other defects, a mistake in a final civil judgment or order, but not a mistake in a party's own motion. *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008).

Finally, Peterson asserts for the first time on appeal that her original sentence was not reasonable, that the obstruction-of-justice adjustment was not authorized, and that the drug quantity calculation was incorrect. Although these arguments would have been reviewable on direct appeal, they are not cognizable under § 3582(c)(2), which relates only to changes in the guidelines that affect a defendant's applicable sentencing range. *See United States v. Cunningham*, 554 F.3d 703, 704 (7th Cir. 2009). The district court would have no authority to consider these arguments had Peterson included them in her motion, nor do we have jurisdiction to review them on appeal. *See Lawrence*, 535 F.3d at 638.

AFFIRMED.