**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Argued September 8, 2010
Decided September 9, 2010

### Before

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 09-3371 <br><br> UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br>      *v.* <br><br> MANUEL RODRIGUEZ, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 03 CR 689 <br> Joan B. Gottschall, *Judge*. |

**Order**

Manuel Rodriguez was convicted by a jury of two counts of using a telephone to facilitate a drug conspiracy. 21 U.S.C. §843(b). The jury acquitted him of a conspiracy charge, but inconsistent verdicts are a jury's prerogative. See *United States v. Powell*, 469 U.S. 57 (1984). His sentence is 366 days' imprisonment, and his only appellate argument is that the evidence is insufficient to support the verdict.

Plenty of evidence shows that Rodriguez made the phone calls alleged in the indictment and spoke during the conversations about delivering something. The speakers used code words, such as "four tires," that jurors rationally could conclude were references to drugs (here, four kilograms of cocaine) rather than auto equipment. The evidence included a ledger specifying the weights and prices of the organization's drugs. The calls dealt with negotiations: "[t]he guy [the potential buyer] saw it and said it was fine" was only one of the observations exchanged.

Rodriguez contends, nonetheless, that there was insufficient evidence that the bag that Rodriguez and his confederates agreed to deliver actually contained cocaine. The bag was never recovered. Its contents might have been a pastrami sandwich, counsel insists. Possible, but unlikely—"four tires" is not a normal way to describe one pastrami sandwich, and the prices in the ledger were appropriate to drugs rather than lunch.

Rodriguez was not in the catering business. Other, contemporaneous calls revealed Rodriguez's effort to find additional supplies of cocaine for a different customer. The jury was entitled to conclude, without acting irrationally, that the bag contained at least some cocaine; just how much was not relevant to guilt.

Defense counsel argued that, if Rodriguez was trying (unsuccessfully) to find enough cocaine for a different customer, he could not have been negotiating to deliver cocaine during the two calls that support the conviction. Yet it would be perfectly normal for a dealer in any goods (be they drugs or iPads) to make deliveries as fast as inventory can be acquired. That Rodriguez had orders for more cocaine than he had on hand does not imply that he had no cocaine at all.

One technical issue requires attention. The district court sentenced Rodriguez on August 12, 2009, and a notice of appeal was filed the next day. On September 1, 2009, the district court amended the judgment to add some additional conditions of supervised release. This amendment was made after the seven days then allowed by Fed. R. Crim. P. 35(a) for technical corrections. (The current version of Rule 35(a) extends the time to 14 days; it does not matter which version applies, because the judge took more than 14 days.) The judge stated that the amendment was authorized by Rule 36, which permits clerical errors to be corrected at any time. If the sentence as pronounced in court included the special terms, but the staff failed to put them in the judgment, then the error was clerical and Rule 36 is available. But if the judge overlooked these terms when imposing sentence, and the written judgment accurately reflects the decision, then the error is not clerical. See *United States v. McHugh*, 528 F.3d 538 (7th Cir. 2008). We need not decide, because there is an antecedent problem: Once a notice of appeal has been filed, a judgment may be amended only with appellate permission. *Ibid*. That consent was neither sought nor given. The amendment therefore is ineffectual.

We affirm the judgment of August 12, 2009, and vacate the amendment. Once the mandate has issued, and this case has been returned to the district court, the parties are free to file an appropriate motion under Rule 36 if they believe that it supports a modification of the judgment.