NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 17, 2010
Decided November 18, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 10-2228

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 09 CR 78-1 |
| PRINCE CHRISTIAN OWOLIDE, *Defendant-Appellant*. | Elaine E. Bucklo, *Judge*. |

**O R D E R**

Prince Christian Owolide pleaded guilty to distributing and conspiring to distribute heroin, *see* 21 U.S.C. §§ 841(a)(1), 846, and the district court sentenced him to 87 months' imprisonment, the bottom of the applicable guidelines range. Owolide appeals, but counsel contends that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Owolide objects to counsel's motion. *See* CIR. R. 51(b). Limiting our review to the potential issues identified in counsel's facially adequate brief and Owolide's response, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002), we grant the motion to withdraw and dismiss the appeal.

Owolide does not want his guilty plea vacated, so counsel appropriately refrains from discussing possible arguments about the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Instead, Owolide and counsel focus on potential challenges to his sentence. They consider disputing the district court's conclusion that he sold more than one kilogram of heroin, the minimum quantity that corresponds to a base offense level of 32. *See* U.S.S.G. § 2D1.1(a)(4). The district court's determination regarding drug quantity is a question of fact that we would review for clear error. *United States v. Araujo*, No. 09-1479, 2010 WL 3720811, at *5 (7th Cir. Sept. 23, 2010). Counsel acknowledges that the 293.4 grams Owolide sold in 3 controlled buys to confidential informant Dante Jackson was included properly in the district court's calculation, but he considers disputing the court's reliance on two other quantities.

First counsel considers challenging the court's decision to credit testimony from Owolide's codefendant, who admitted to purchasing 326 grams from Owolide during the conspiracy. As counsel notes, however, we generally defer to a sentencing court's credibility determination, even when it credits government informants or self-interested codefendants. *See United States v. Clark*, 538 F.3d 803, 813 (7th Cir. 2008). Nothing in the record compels the conclusion that the district court should have doubted the codefendant's testimony.

Counsel and Owolide also consider challenging the district court's reliance on Owolide's alleged statements to Drug Enforcement Agent Blake Smith. At sentencing Agent Smith told the district court that Owolide had admitted to selling 400 grams a month to Jackson and that Jackson had corroborated that statement. Owolide's trial counsel originally argued in her sentencing memorandum that Owolide never made any statements to Agent Smith concerning drug quantities. At the hearing, however, she changed her argument and instead contended that, although Owolide admitted to regularly selling heroin to Jackson, those sales were not relevant conduct because their timing was unclear. Owolide now reverts to his original position and writes, "I did not make any statements to the DEA regarding any drug transaction." When a defendant makes a strategic choice to pursue one argument over another, he waives his right to make the abandoned argument on appeal. *See United States v. Salem*, 597 F.3d 877, 890 (7th Cir. 2010); *United States v. Rosenberg*, 585 F.3d 355, 358 (7th Cir. 2009). That is exactly what Owolide did in this case; he stood to benefit from safety-valve legislation, *see* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2, and from a downward adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1. Contesting his statements to Agent Smith could have jeopardized those adjustments. We would therefore conclude that Owolide waived his right to dispute the content of his admission to Agent Smith. Even if he had preserved this argument, a challenge to the district court's reliance on one month's sales to Jackson would be frivolous because the

government put forth sufficient evidence to show that those sales were part of a single course of conduct that involved even higher quantities of heroin. *See* U.S.S.G. § 1B1.3; *United States v. Singleton*, 548 F.3d 589, 591-92 (7th Cir. 2008).

Counsel next considers challenging the district court's failure to give Owolide the benefit of a safety-valve reduction, which provides a two-point decrease in offense level for certain nonviolent, first-time drug offenders and permits the district court to impose a sentence below a statutory minimum. 18 U.S.C. § 3553(f); U.S.S.G. §§ 2D1.1(b)(11), 5C1.2. To qualify for the safety valve, a defendant bears the burden of proving that he honestly provided the government "all information and evidence" he has "concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5); *see United States v. Ponce*, 358 F.3d 466, 468 (7th Cir. 2004). In the presentence report, the probation officer recommended that Owolide did not qualify for the reduction because he recanted his statements to Agent Smith. Because Owolide did not object to this determination in the district court, we would review the issue for plain error only. *See United States v. Allen*, 529 F.3d 390, 395 (7th Cir. 2008); *United States v. Harris*, 230 F.3d 1054, 1058 (7th Cir. 2000). The safety-valve reduction requires defendants to make a "good faith effort" to provide the government all relevant information, *see United States v. Corson*, 579 F.3d 804, 814 (7th Cir.), *cert. denied,* 130 S. Ct. 1751 (2010), and Owolide provided nothing to show that despite changing his position regarding his conversation with Agent Smith, he had been honest and forthright about the nature of the conspiracy. We therefore agree with counsel that it would be frivolous to argue that the district court plainly erred in denying this reduction.

Counsel also considers whether Owolide could challenge the substantive reasonableness of his prison sentence. We would presume Owolide's within-guidelines sentence to be reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Zohfeld*, 595 F.3d 740, 743 (7th Cir. 2010), and nothing in the record rebuts this presumption. The district court properly considered the factors listed in 18 U.S.C. § 3553(a). It recognized that Owolide had a family and no criminal record but concluded that the nature of the offense was nonetheless serious because Owolide distributed substantial amounts of heroin from the house that he shared with his young children. We therefore agree with counsel that any challenge to the substantive reasonableness of Owolide's sentence would be frivolous.

Counsel finally considers challenging the district court's refusal to recommend specifically to the Bureau of Prisons that Owolide be allowed to participate in a drug-treatment program. As counsel notes, however, the district court's recommendations are not formally part of its judgment and are thus not appealable. *See United States v. McHugh*, 528 F.3d 538, 541 (7th Cir. 2008).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.