**CLD-079**                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
————————

No. 11-2398
————————

UNITED STATES OF AMERICA

v.

ERIC LAMONT LUCAS,
                                              Appellant
———————————————————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 3-03-cr-00120-001)
District Judge:  Honorable Richard P. Conaboy

———————————————————————

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
December 30, 2011

Before:  RENDELL, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 31, 2012)
————————

OPINION OF THE COURT
————————

PER CURIAM

        Eric Lamont Lucas, a federal prisoner, appeals the District Court's denial of his

motion to issue a non-binding recommendation to the Bureau of Prisons (BOP).  We will

summarily affirm.

Under 18 U.S.C. § 3582(c)(1)(A), a court may modify a term of imprisonment "upon motion of the Director of the Bureau of Prisons." Cognizant that the District Court could not act to modify his sentence sua sponte,[1] Lucas instead asked the District Court to "recommend that the Director of the [BOP] file a motion to grant this defendant the modification of his sentence which he seeks." After weighing the considerations advanced by Lucas, the District Court declined to grant a recommendation and denied the motion.[2] He appealed, and the Government moves for summary action.

We have jurisdiction under 28 U.S.C. § 1291. To the extent that our review is for abuse of discretion, we note that no statute or rule limits the District Court's discretion in issuing a non-binding recommendation—nor, for that matter, is such an action even explicitly authorized by statute. Thus, as the District Court appeared to weigh the factors suggested and found them wanting, we cannot conclude that it abused its discretion.

Accordingly, as no substantial question is raised in this appeal, we will grant the Government's motion and summarily affirm the District Court's judgment. Murray v.

---

[1] See United States v. Smartt, 129 F.3d 539, 540–41 (10th Cir. 1997) (observing that a court may not modify a term of imprisonment except under certain limited circumstances, including "upon motion of the Director of the Bureau of Prisons"); see also United States v. Lawrence, 535 F.3d 631, 637 (7th Cir. 2008) ("Generally, district courts lack subject-matter jurisdiction to revisit sentences already imposed upon defendants.").

[2] The parties and the District Court pointed to United States v. Fountain, No. CRIM. A. 91-63-16, 1993 WL 534219, at *1 (E.D. Pa. Dec. 17, 1993), as a case in which the District Court "recommend[ed] appropriate action to the Director of the Bureau of Prisons to modify Defendant's sentence as requested," although in so doing the Court acknowledged its inability to grant a § 3582 motion sua sponte.

Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4;

I.O.P. 10.6.