**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 10, 2021*
Decided June 10, 2021

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-1015

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | Nos. 15-cr-172-pp & 17-cr-145-LA |
| ANDRAE L. DOTSON, *Defendant-Appellant*. | Pamela Pepper, *Chief Judge*. |

## O R D E R

Andrae Dotson, a 32-year-old federal inmate, sought compassionate release, alleging that his health conditions and race put him at risk of serious complications from COVID-19. The district court accepted that Dotson's health conditions made him especially vulnerable to COVID-19, but it denied his motion because of the seriousness

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

of his offense and his high risk of reoffending. *See* 18 U.S.C. § 3553(a)(2). Because the court did not abuse its discretion, we affirm.

Dotson is currently serving consecutive prison sentences. He pleaded guilty to illegally possessing a firearm as a felon in Case No. 15-cr-172, and the district court sentenced him to supervised release. While serving that term, police officers stopped him in a car and found illegal drugs and a loaded firearm. He again pleaded guilty to possessing a firearm as a felon in Case No. 17-cr-145 and was sentenced to 60 months in prison. Because this offense also violated the conditions of his supervised release in the 2015 case, the court imposed a 5-month consecutive sentence for the revocation.

In 2020, Dotson moved for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). He asserted that he was especially vulnerable to severe complications from COVID-19 due to his health problems—including obesity (BMI of 38.5) and hypertension—as well as his race (African American). He emphasized that this is his first prison sentence (for prior convictions, he received supervised release or probation), he has had no prison disciplinary violations, he has engaged in numerous prison educational programs, and he is unlikely to reoffend because he "learned [his] lessons" and is "sorry." He also described many problems with his prison's conditions—including inadequate mental health care, a lack of warm and healthy food, and filthy solitary cells with limited access to entertainment or time outdoors. His suffering in prison, he argued, would motivate him to avoid future criminal activity.

After consolidating Dotson's cases to address his identical motions, the district court denied relief on November 25, 2020. The court expressed "concern and sympathy" for Dotson and accepted that his health conditions made him especially vulnerable to COVID-19. But the court emphasized that his offenses were serious and that past punishment had not deterred him: A year after receiving a lenient sentence for his first federal gun crime, he "was caught in a rolling drug house with a loaded gun capable of firing thirty rounds without reloading."

On December 3, Dotson filed a document that he called a "motion to appeal," in which he argued that the court had made a "clerical error" in its order; when the court stated how much time Dotson had left on his sentence, it failed to credit him with the 10 months he had spent in jail before sentencing. (The court said that he had served "only two years and four months of a five-year, five-month sentence.") The district court construed this filing as a motion for reconsideration and denied it on December 16. The court acknowledged that, based on the information Dotson provided, he had served closer to 60% of his sentence than the 50% the court had stated in its

decision. Even so, the court refused to reconsider its decision to deny release because the decision was based on factors other than Dotson's time served.

On January 4, 2021, the district court received both Dotson's notice of appeal and a "petition to amend" his motion for compassionate release, in which he disclosed that he had recently tested positive for COVID-19. The envelope containing the notice of appeal confirms that prison staff responsible for legal mail had received it on December 23, 2020, and thus it was timely under the prison mailbox rule. *See* FED. R. APP. P. 25(a)(2)(A)(iii); *Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015). The district court construed the "petition" as a second post-judgment motion, and it declined to rule because it determined that Dotson's notice of appeal (which he had placed in the mail first) divested it of jurisdiction. *See, e.g.*, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008).

On appeal, Dotson presents two sets of arguments. First, he asks to be released based on the new information that he contracted COVID-19. Only the district courts are empowered to modify sentences under § 3582(c)(1)(A)(i), however, so we cannot go beyond the record before the district court at the time of its ruling. *See United States v. Howell*, 958 F.3d 589, 595 (7th Cir. 2020). With respect to that record, Dotson reiterates that he is at heightened risk from COVID-19 because of his health conditions and race, and that he has a low risk of reoffending because he has participated in rehabilitative programs and suffered greatly during his confinement. He does not identify any error with the district court's assessment of these factors, other than asserting that they should have compelled the court to grant his release.

When we review the denial of a motion for compassionate release, we do not replace our judgment for that of the district court; we ask only whether the district court abused its discretion. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). "Because of the importance of the § 3553(a) factors, courts are not compelled to release every prisoner with extraordinary and compelling health concerns." *Id.* Here, the district court reasonably determined that the § 3553(a) factors did not support Dotson's early release. The court emphasized that Dotson's most recent offense was particularly serious because he committed it while on supervised release for a very similar crime. Serving his full sentence was necessary to protect the public and provide specific deterrence. *See* 18 U.S.C. § 3553(a)(2).

The district court also did not abuse its discretion in refusing to reconsider its decision based on a misstatement about the time remaining on Dotson's sentence. *See United States v. Dean*, 550 F.3d 626, 628 (7th Cir. 2008). Factual inaccuracies require

remand only if they affected the court's decision. *See United States v. Pennington*, 908 F.3d 234, 240 (7th Cir. 2018). The relatively short time Dotson had served factored into the district court's concern about depreciating the seriousness of the offense, but nothing suggests that the exact number of months was dispositive. And the district court concluded that several other § 3553 factors weighed against immediate release.

To the extent Dotson argues in the alternative that he should be transferred to home confinement, the district court rightly determined that it lacked the authority to fulfill his request. *See Saunders*, 986 F.3d at 1078. Even in home confinement, Dotson would still be in the custody of the Federal Bureau of Prisons, which has plenary control over inmate placement. *Id.*; *see also* Coronavirus Aid, Relief, and Economic Security Act (CARES Act), § 12003(b)(2), Pub. L. No. 116-136, 134 Stat. 281 (2020).

One final note: Dotson asserts on appeal, as he did in the district court, that he was kept in restrictive housing (pending assignment to a housing unit) at the Federal Correctional Institution in Terre Haute, Indiana longer than necessary because of his race and that he was subjected to deplorable conditions. (He has since been transferred to the U.S. Medical Center for Federal Prisoners in Springfield, Missouri.) Mistreatment or poor conditions in prison, if proved, might be grounds for relief in a civil lawsuit, *see Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), but untested allegations of this nature are not grounds for a sentence reduction.

AFFIRMED