974 F.2d 1346
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerome Glen BROWN, Defendant-Appellant.
 No. 91-7106.
 United States Court of Appeals, Tenth Circuit.
 Aug. 18, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Jerome Glen Brown was convicted of entering a bank with intent to commit robbery and armed bank robbery. He was sentenced on May 5, 1988 to twenty-five years in prison. Mr. Brown contends that he should have been sentenced according to the United States Sentencing Guidelines, effective November 1, 1987, and that his sentence should now accordingly be modified under 18 U.S.C. § 3582(c)(2) (1988).
 
 
 3
 According to the guidelines, as Mr. Brown correctly argues, courts are to apply the guidelines provisions in effect at the time of sentencing. The guidelines, however, apply only to conduct committed after their effective date, November 1, 1987. United States v. Rogers, 960 F.2d 1501, 1514 (10th Cir.1992). Mr. Brown's judgment of conviction states that "on or about June 29, 1987, ... the defendant did enter an FDIC insured bank...." Rec., vol. I, doc. 2. He is therefore not eligible for sentencing under the guidelines. Section 3582, under which he seeks resentencing, is also unavailable to defendants who committed their criminal acts before the guidelines went into effect. United States v. Watson, 868 F.2d 157, 158 (5th Cir.1989); Sentencing Act of 1987, Pub.L. No. 100-182, § 2(a), 101 Stat. 1266.
 
 
 4
 Mr. Brown's only avenue for modification of his sentence was a timely motion under Rule 35(b), Fed.R.Crim.P. He claims that he did not make such a motion because he lacked adequate information from his attorney to do so. Rec., vol. I, doc. 4 at 2. Even if we had enough information from him to assess this claim, this court would be unable to entertain it in the first instance.
 
 
 5
 We therefore AFFIRM the order of the district court.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3