**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 15, 2009[*]
Decided July 16, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-4147

| | |
|---|---|
| ERIC L. WILKINS-EL, | Appeal from the United States District Court |
|     *Petitioner-Appellant*, | for the Southern District of Indiana, Terre |
| | Haute Division. |
|     *v.* | |
| | No. 2:08-cv-00095-WTL-WGH |
| HELEN J. MARBERRY, | |
|     *Respondent-Appellee*. | William T. Lawrence, |
| | *Judge*. |

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

**O R D E R**

Eric Wilkins-El[1] claims in this action under 28 U.S.C. § 2241 that the Bureau of Prisons is improperly executing his sentence. He argues that he was sentenced under the law that governed before the effective date of the Sentencing Reform Act of 1984, Pub. L. No. 98-473, Title II, 98 Stat. 1987, and thus would eventually be eligible for parole except that the BOP has misinterpreted the judgment of conviction as one under the Sentencing Reform Act. The district court rejected this contention, but we conclude that Wilkins-El is correct about the law governing his sentence. Accordingly, we vacate the district court's decision and remand with directions to grant the relief requested by Wilkins-El.

This is an old conviction without practical significance until now. Wilkins-El was part of a group that trafficked crack and marijuana in the Eastern District of Michigan beginning in 1983. In 1987 he was convicted on conspiracy and distribution charges in that district. *See United States v. Wilkins*, 995 F.2d 1068 (6th Cir. 1993) (unpublished opinion). At sentencing the district court discussed whether Wilkins-El was to be sentenced under the Sentencing Reform Act of 1984, which became effective on November 1, 1987, but only for crimes committed after that date, or whether his case should be governed by old law. Wilkins-El preferred the old law because the Sentencing Reform Act eliminated parole, and the prosecutor voiced agreement that the old law applied to Wilkins-El because he stopped participating in the conspiracy as of his arrest, before the effective date of the new statute. The district court accepted the parties' shared view about the governing law but announced that, either way, it would use the sentencing guidelines to fashion an appropriate sentence. The court then imposed 405 months' imprisonment and three years' supervised release, to be served consecutively to an unexpired 13- to 20-year state sentence that Wilkins-El was already serving. Before the hearing adjourned, defense counsel asked the district court to ensure "that the order of judgment specifically reflect Mr. Wilkins is being sentenced under the pre-November 1, 1987 statute." The court responded, "Yes, the judgment will be that it is pre-1987."

The written judgment, however, is a standard form stating that the sentence was "imposed pursuant to the Sentencing Reform Act of 1984." The Bureau of Prisons ordinarily implements written judgments, not oral pronouncements, *see* U.S. Dep't of Justice, *Legal Resource Guide to the Federal Bureau of Prisons* 10, 12 (2008), and so when Wilkins-El completed his state sentence and was transferred to BOP custody in 2004, administrators applied the Sentencing Reform Act in calculating his presumptive release

---

[1]The record refers to the appellant as "Wilkins" or "Wilkins-El" in various places. He uses "Wilkins-El" on his brief, and we will call him by the name he calls himself.

date.  As a result, the BOP lists Wilkins-El, who is currently forty years old, as ineligible for parole and projects that he will be released in 2033.  Under prior law he would be eligible for parole in 2017 after completing one third of his prison sentence.  *See* 18 U.S.C. § 4205(a); *United States v. Prevatte*, 66 F.3d 840, 846 (7th Cir. 1995); *United States v. Ruffin*, 997 F.2d 343, 347 (7th Cir. 1993).

Wilkins-El apparently noticed the erroneous written judgment before he reached BOP custody, because in 2001 he filed a motion in the Eastern District of Michigan seeking to correct, under Federal Rule of Criminal Procedure 35(a), a purportedly illegal sentence. The district court, overlooking the government's concession as well as the sentencing judge's statements, rejected the motion as untimely in 2004.  The court reasoned that Wilkins-El was convicted of participating in a conspiracy which extended beyond November 1, 1987, and thus was subject to the "new" version of Rule 35(a), which places a seven-day limit on correcting an erroneous sentence.  This ruling was made by a different judge than the one who sentenced Wilkins-El, and the court's order does not make reference to the sentencing transcript.  Wilkins-El did not appeal the decision.

Instead, he completed the BOP's administrative procedures for challenging the execution of his sentence.  To its credit, the BOP attempted to contact the sentencing court for clarification of the sentence.  But the court did not respond, and the BOP determined that Wilkins-El was subject to post-1987 law.  And after exhausting those internal remedies, he filed this § 2241 action in his district of confinement, the Southern District of Indiana.  In response to his claim that the BOP has erroneously applied the Sentencing Reform Act to his old-law sentence, government lawyers in the Southern District of Indiana now argued that Wilkins-El was convicted of participating in a conspiracy that functioned past November 1, 1987, and thus his sentence *must* have been under the new law.  The government insisted that the sentencing court's oral pronouncement is "ambiguous," and that the § 2241 petition should therefore be resolved by giving effect to the unambiguous written judgment.  In support of its contention that the sentencing transcript is ambiguous, the government represented that the sentencing court in Michigan had said inconsistently at different points both that it was applying the old law and that it was applying the Sentencing Reform Act.  The district court accepted the government's position and dismissed the § 2241 petition with prejudice.

On appeal, the government continues to argue that the sentencing court's oral pronouncement is ambiguous and that Wilkins-El was given a new-law sentence.  Before we can address that contention, it is necessary to establish that the issue is ripe.  Wilkins-El does not contend that his custody at the moment is illegal, but that it will become illegal once he would have been eligible for parole.  However, he may still bring this petition now.

A prisoner may challenge the illegality of future confinement, even if he is currently legally confined. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973); *Vargas v. Swan*, 854 F.2d 1028, 1030-31 (7th Cir. 1988).

We turn then to the government's assertion that the sentencing court's oral pronouncement is ambiguous. This contention is both incorrect and misleading. The sentencing transcript is clear that the Michigan district judge looked to the sentencing guidelines in fashioning an appropriate prison term, but in defending this § 2241 action the government has ignored the court's explanation that it would take advantage of the guidelines calculation whether or not the resulting sentence was imposed under the Sentencing Reform Act. *See United States v. Bullock*, 857 F.2d 367, 372 (7th Cir. 1988) (approving of sentencing court's use of preliminary draft of sentencing guidelines to assist in selecting appropriate sentence for pre-guidelines offense); *United States v. Vega*, 860 F.2d 779, 800-01 (7th Cir. 1988) (upholding sentencing court's consideration of newly promulgated sentencing guidelines when selecting appropriate sentence for pre-guidelines offense). The government's lawyers also ignore that their counterpart in the Eastern District of Michigan told the sentencing court that there was no basis for objecting to an old-law sentence because Wilkins-El was already in custody by November 1, 1987. Counsel for Wilkins-El, perhaps wanting to leave nothing to chance, made a point of asking the sentencing court to state, on the record, that it was entering judgment under pre-1987 sentencing law. And the court did so without comment from the prosecutor. The government now marshals the sentencing court's statements out of context to raise objections it waived two decades ago.

The government also argues, without citation, that the imposition of a term of supervised release evidences that Wilkins-El was sentenced under the new law. This contention is also incorrect. Unlike other federal defendants who did not face the prospect of supervised release before the Sentencing Reform Act took effect, drug offenders became subject to supervised release with passage of the Anti-Drug Abuse Act of 1986, Pub.L. No. 99-570, 100 Stat. 3207-2 to 3207-6. S*ee Gozlon-Peretz v. United States*, 498 U.S. 395, 407-08 (1991)*; United States v. Delamora*, 451 F.3d 977, 978-79 (9th Cir. 2006). Thus the sentencing court was required to impose a term of supervised release under either body of sentencing law.

We think it is clear that Wilkins-El was sentenced under a scheme that allows for parole. We have both the judgment of conviction and the sentencing transcript before us, and from those documents there is no question about the intent of the sentencing court. The sentencing court entered its judgment on the standard form that has been used since the Sentencing Reform Act took effect, but that clerical mistake cannot change the fact that

the court unambiguously pronounced sentence under pre-1987 law. We recognize that the United States District Court for the Eastern District of Michigan recently denied a motion that Wilkins-El filed under Federal Rule of Criminal Procedure 36 to correct the written judgment in his original case. *See United States v. Wilkins*, No. 87-CR-80933-13 (E.D. Mich. July 10, 2009). That court's order, like the government's brief in this case, fails to acknowledge or give effect to the sentencing court's statement that "the judgment will be that it is pre-1987." The government and the Michigan district court both characterize the sentencing transcript as ambiguous, but by eliciting that clarification at the conclusion of the sentencing hearing, Wilkins-El's attorney removed any ambiguity that might have existed up to that point. And an unambiguous oral pronouncement of sentence unquestionably controls over an inconsistent written judgment. *See United States v. McHugh*, 528 F.3d 538, 539 (7th Cir. 2008); *United States v. Alburay*, 415 F.3d 782, 788 (7th Cir. 2005). That is the rule in the Sixth Circuit as well. *See United States v. Cofield*, 233 F.3d 405, 406-07 (6th Cir. 2000); *United States v. Schultz*, 855 F.2d 1217, 1225 (6th Cir. 1988). Accordingly, we conclude that Wilkins-El was sentenced under the law governing before the effective date of the Sentencing Reform Act, and no matter what form was used to memorialize this parole-eligible sentence, the BOP must read it as intended and pronounced by the sentencing court. The judgment of the district court is **VACATED** and the case is **REMANDED** with directions to grant the § 2241 petition and order the BOP to execute Wilkins-El's sentence under the law in effect before November 1, 1987.