**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0561n.06

No. 10-1242

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Aug 11, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| ERIC LAMAR WILKINS, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| _____ | ) | |

Before:  MOORE and KETHLEDGE, Circuit Judges; MARBLEY, District Judge.[*]

**KAREN NELSON MOORE, Circuit Judge.**  Defendant-Appellant Eric Lamar Wilkins

appeals the denial of his motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2)

in light of the crack-cocaine amendments to the United States Sentencing Guidelines ("Guidelines").

The United States District Court for the Eastern District of Michigan ("district court") concluded that

Wilkins was ineligible for a reduction in sentence under § 3582(c)(2) because he was sentenced

under the pre-Guidelines law that governed prior to the Sentencing Reform Act of 1984 ("Reform

Act").  The district court also concluded that, even if Wilkins were eligible, a reduction would not

be appropriate in Wilkins's case.  Wilkins challenges both of the district court's conclusions on

appeal.  Because Wilkins is ineligible for a sentence reduction under § 3582(c), we **AFFIRM** the

district court's denial of Wilkins's motion.

---

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District
of Ohio, sitting by designation.

## I.  BACKGROUND & PROCEDURAL HISTORY

In October 1988, a jury convicted Wilkins of conspiracy to distribute and conspiracy to possess with intent to distribute crack cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The district court sentenced Wilkins on March 24, 1989, to 405 months of imprisonment, to be served consecutive to a state sentence that Wilkins was already serving.  At sentencing, Wilkins and the government agreed that Wilkins should be sentenced under the pre-Reform Act sentencing law because he stopped participating in the conspiracy upon his arrest, which was prior to November 1, 1987, the effective date of the Reform Act.  The district court stated that it was sentencing Wilkins under the pre-Reform Act law but "in accordance with" the Guidelines created by the Reform Act. R.1522, App. 1 (Sent. Hr'g Tr. at 2–3, 6).  The written judgment entered by the district court was a standard form that stated that "[t]he sentence [was] imposed pursuant to the Sentencing Reform Act of 1984."  R.1418 (Judgment).

On March 14, 2008, Wilkins filed a pro se motion to modify his sentence pursuant to § 3582(c)(2), requesting resentencing under the lower Guidelines range for crack-cocaine offenses, UNITED STATES SENTENCING GUIDELINES MANUAL ("U.S.S.G.") app. C, amend. 706 (effective Nov. 1, 2007), made retroactive by the Sentencing Commission, U.S.S.G. app. C, amend. 713 (effective Mar. 3, 2008).  The district court appointed counsel for Wilkins, and counsel filed a second motion for sentence reduction.  These § 3582(c)(2) motions are the subject of the instant appeal.

Wilkins, however, also filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Indiana.  He claimed that the

Bureau of Prisons ("BOP") was improperly executing his sentence because it listed Wilkins as ineligible for parole when calculating his presumptive release date. Wilkins argued that he is eligible for parole because he was sentenced under the pre-Reform Act sentencing law. On appeal, the Seventh Circuit agreed, concluding that the sentencing "court unambiguously pronounced sentence under pre-1987 law" and that this unambiguous oral pronouncement controls over the inconsistent written judgment. *Wilkins-El v. Marberry*, 340 F. App'x 320, 323 (7th Cir. 2009) (unpublished order). The Seventh Circuit remanded the case to the district court in the Southern District of Indiana and directed that district court "to grant the § 2241 petition and order the BOP to execute [Wilkins's] sentence under the law in effect before November 1, 1987." *Id.*

After the Seventh Circuit's decision, Wilkins, through counsel, filed a supplement to his § 3582(c)(2) motion, stating that "[b]ased upon the Seventh Circuit's decision that [Wilkins's] sentence is not a Guideline sentence, he would not be eligible for any relief under the amendments to the crack cocaine guidelines." R.1508 (Supplement at 2). Wilkins's counsel subsequently filed another supplement to the § 3582(c)(2) motion, arguing that, upon further review, Wilkins is eligible for a sentence reduction because "the original sentencing court determined [Wilkins's] sentence by reference to the Sentencing Guidelines." R.1531 (2d Supplement at 3–4).

At a hearing held on February 9, 2010, the district court expressed disagreement with the Seventh Circuit's conclusion that Wilkins was sentenced under the pre-1987 law but indicated that, given the Seventh Circuit's decision, Wilkins is ineligible for a sentence modification under § 3582(c)(2) because his sentence was not "a guideline range sentence." R.1540 (Hr'g Tr. at 7, 11).

The district court questioned "how [Wilkins] can have the benefit of both the parole system and the guideline amendment." *Id.* at 4–5. The district court also stated that, even if Wilkins were eligible for a sentence reduction, he "would be a singularly unappealing candidate for it" and that the district court "would not find a basis to give him the relief." *Id.* at 13–15. The district court subsequently issued a written order to the same effect, concluding that Wilkins was ineligible for sentence modification under § 3582(c)(2) because his sentence was governed by pre-Guidelines law and that, in any event, a reduction was not warranted based on the circumstances of Wilkins's case. Wilkins timely appealed the district court's denial of his motion.

## II. ANALYSIS

"A district court may modify a defendant's sentence only as authorized by statute." *United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010). "When the [Sentencing] Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." *Dillon v. United States*, --- U.S. ---, 130 S. Ct. 2683, 2688 (2010). The district court must first determine that a reduction would be consistent with the Commission's policy statement, U.S.S.G. § 1B1.10. *Id.* at 2688, 2691. The district court then must consider whether, and if so, to what extent, a reduction is warranted. *Id.* Wilkins challenges the district court's conclusion at both steps: first, that he is ineligible for a sentence reduction; and, second, that a reduction is not warranted even if he were eligible. We agree with the district court at the first step that Wilkins is ineligible for a sentence reduction under § 3582(c)(2). We therefore do not address the second step.

We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(1) over Wilkins's appeal of the district court's decision that Wilkins is ineligible for a sentence reduction. *See United States v. Drewery*, No. 10-3028, 2011 WL 1327484, at *1 (6th Cir. Apr. 8, 2011) (unpublished decision); *United States v. Payton*, 617 F.3d 911, 913 n.1 (6th Cir. 2010). "[T]he district court's determination that the defendant is ineligible [for a sentence reduction] is a question of law that is reviewed de novo." *Payton*, 617 F.3d at 913 (internal quotation marks omitted).

Congress created the sentence-reduction provision in § 3582(c) as part of the Sentencing Reform Act of 1984, Pub. L. No. 98-473, Title II, Ch. II, § 212(a), 98 Stat. 1837, 1987, 1998–99. It is well established that the provisions of the Reform Act, which includes § 3582(c)(2), apply only to offenses committed after the Act's effective date of November 1, 1987. *See* Sentencing Act of 1987, Pub. L. No. 100-182, sec. 2, 101 Stat. 1266; Sentencing Reform Act of 1984 § 235(a)(1), 98 Stat. at 2031–32, as amended by Sentencing Reform Amendments Act of 1985, Pub. L. No. 99-217, sec. 4, 99 Stat. 1728; *Gozlon-Peretz v. United States*, 498 U.S. 395, 398, 400 n.4 (1991); *Prince v. United States*, 46 F.3d 17, 18–19 (6th Cir. 1995); *United States v. Stewart*, 865 F.2d 115, 118–19 (7th Cir. 1988); *United States v. Burgess*, 858 F.2d 1512, 1513–14 (11th Cir. 1988).

Thus, courts that have considered the issue have concluded that defendants who committed offenses prior to November 1, 1987, and therefore were sentenced under the pre-Reform Act law, are ineligible for sentence reduction under § 3582(c) because that provision was not in effect for their sentence. *United States v. Brown*, 974 F.2d 1346, 1992 WL 208177, at *1 (10th Cir. 1992) (unpublished table decision); *United States v. Hackney*, 875 F.2d 868, 1989 WL 56553, at *1 (6th

Cir. 1989) (unpublished order) ("Neither section 3582(c)(2) nor any other provision of the Sentencing Reform Act apply to [the defendant] because his offense was committed prior to November 1, 1987, the effective date of the Act."); *United States v. Watson*, 868 F.2d 157, 158 (5th Cir. 1989) ("hold[ing] that 18 U.S.C. § 3582(c), enacted as a part of the federal sentencing guidelines, applies only to offenses committed on or after their effective date, November 1, 1987"); *United States v. Argitakos*, 862 F.2d 423, 424–25 (2d Cir. 1988) (same).

The legislative history of the Reform Act supports the conclusion that a defendant sentenced under the pre-Reform Act law is not subject to the Act's substantive sentencing provisions:

> The title will apply to any offense or other event occurring on or after the effective date. A sentence imposed before the effective date of the guidelines as to an individual imprisoned or on probation or parole on that date would not be affected by this title. As to an offense committed prior to the effective date, the preexisting law will apply to all substantive matters including the imposable sentence. If a trial occurs or a sentence is imposed on or after the effective date for an offense committed before the effective date, the procedural and administrative provisions of the title will apply except to the extent that such provisions are inconsistent with the preexisting law.

S. Rep. No. 98-225, at 157 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3372. Defendants sentenced under the pre-Reform Act sentencing law, however, remain subject to the parole provisions in Chapter 311 of Title 18 that the Reform Act repealed. *Terrell v. United States*, 564 F.3d 442, 444–45 (6th Cir. 2009).

The relevant question, therefore, is whether Wilkins was sentenced under the pre-Reform Act sentencing law or under the Reform Act. We agree with the Seventh Circuit that Wilkins was sentenced under the pre-Reform Act law. The district court's disagreement with the Seventh Circuit

was based on its conclusion that Wilkins's conspiracy offense continued past the November 1, 1987 effective date, even if Wilkins was in jail prior to that date, because there is no evidence that he affirmatively withdrew from the conspiracy. The district court is correct under the case law of this circuit. *See United States v. Chambers*, 944 F.2d 1253, 1265, 1269–70 (6th Cir. 1991) (addressing the issue in the consolidated direct appeal of Wilkins and his co-defendants), *cert. denied*, 502 U.S. 1112 (1992), 503 U.S. 989 (1992), *superseded in part on other grounds by* U.S.S.G. § 2D1.5(a); *United States v. Barger*, 931 F.2d 359, 364–65 (6th Cir. 1991); *United States v. Walton*, 908 F.2d 1289, 1299–1300 (6th Cir.), *cert. denied*, 498 U.S. 906 (1990), 498 U.S. 989 (1990), 498 U.S. 990 (1990). However, the district court's conclusion that the conspiracy offense spanned the Reform Act's effective date means only that Wilkins *should have* been sentenced under the Reform Act. At sentencing, the parties agreed that the pre-Reform Act law applied, and, for the reasons explained by the Seventh Circuit, it is clear that the sentencing judge applied the pre-Reform Act law despite looking to the Guidelines for help in determining an appropriate sentence and despite its written judgment. *See Wilkins-El*, 340 F. App'x at 322–23. Neither Wilkins nor the government appealed the sentencing judge's application of the pre-Reform Act sentencing law. Accordingly, although Wilkins should have been sentenced under the Reform Act, Wilkins in fact was sentenced under the pre-Reform Act law. Indeed, Wilkins has argued consistently, including in the Seventh Circuit proceedings, that he was sentenced under the pre-Reform Act law.

7

Because Wilkins was sentenced under the pre-Reform Act law, he is not subject to the provisions of the Reform Act, which includes the sentence-modification provision in § 3582(c). He therefore is ineligible for relief under § 3582(c).

### III.  CONCLUSION

Because Wilkins is not eligible for sentence reduction under § 3582(c)(2), we **AFFIRM** the district court's denial of Wilkins's motion.